**FILED**
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY V. LATERZA, Pro-Se
Reg. No. 74695-004
P.O. Box 1032
Coleman, Florida 33521-1032

  Plaintiff,

vs.          Civil Action

FEDERAL BUREAU OF PRISONS
320 First Street, N.W.
Washington, D.C. 20543

  Defendant.

_____/

CASE NUMBER 1:06CV01157
JUDGE: Richard W. Roberts
DECK TYPE: FOIA/Privacy Act
DATE STAMP: 06/26/2006

**COMPLAINT**

  NOW COMES, Anthony V. Laterza, Pro-Se, and files this Complaint, a Sellers Action and/or under 28 U.S.C. §1331, and respectfully requests this Honorable Court for specific relief based on the following facts which show the willful and intentional failure to maintain accurate records and to appoint counsel for Plaintiff, pursuant to 28 U.S.C. §1915, to proceed to trial by jury. Plaintiff requests a trial by jury pursuant to Rules 38 and 39.

**FACTS**

  During two separate exhausted administrative remedies, the Plaintiff fully informed the Defendant that information that was not accurate was being maintained in his file and was being used adversely against him. The failure of the Defendant to maintain

accurate records and the adverse effect of that failure violated Plaintiff's constitutional rights causing irreparable harm by increasing the time Plaintiff is spending incarcerated.

On February 24, 2003, Plaintiff was acquitted by a jury of his peers of 18 U.S.C. §924(c)(1)(A), possession of a firearm in furtherance of drug trafficking. On April 30, 2003, at sentencing, Plaintiff's Pre-Sentence Investigation Report ("PSI") contained an unconstitutional §2D1.1(b)(1) two level enhancement for possession of the very same firearm the jury acquitted Plaintiff of possessing. Plaintiff objected at sentencing to the unconstitutional gun enhancement but was denied by the District Court. Plaintiff filed a timely appeal to the Eleventh Circuit. On March 17, 2004, the Eleventh Circuit affirmed Plaintiff's sentence with the unconstitutional gun enhancement. On January 24, 2005, the Supreme Court vacated and remanded Plaintiff's case in light of <u>Booker v. United States</u>, 524 U.S.___(2005), on questions presented including the unconstitutional §2D1.1(b)(1) enhancement for possession of a firearm he was acquitted of possessing. Plaintiff's case is currently pending in the Eleventh Circuit, while Plaintiff remains unconstitutionally incarcerated.

On or about August 30, 2004, Plaintiff was interviewed at Coleman prison for the five hundred (500) hour Residential Drug Abuse Program ("R.D.A.P.") and was declared ineligible for 18 U.S.C. §3621(e)(2)(B), a one year sentence reduction approved by Congress as an incentive for participating in the R.D.A.P. Plaintiff was declared ineligible for the §3621(e)(2)(B) sentence reduction because of the aforementioned unconstitutional

2

enhancement for possession of a firearm which erroneously appears on page six (6) of Plaintiff's PSI Report. On September 20, 2005, Plaintiff exhausted his administrative remedies (Case NO. 382356-R1), informing the Defendant, the BOP and its employees, Ms. Chamura, Mr. Lockett and Mr. Sero, that it clearly states on page four (4) of the same PSI that Plaintiff was acquitted of possessing the exact same firearm, and to continue to use the erroneous gun enhancement on page six (6) of the PSI to deny Plaintiff of §3621(e)(2)(B), a sentence reduction, is a violation of Plaintiff's constitutional rights.

Defendant continues to the present day to willfully and intentionally fail to maintain accurate records in Plaintiff's file, with complete disregard to the Privacy Act (e)(5), (g)(1)(C) and (g)(4) and U.S. Justice Department Operation Memorandum 068-93 (5820), dated March 15, 1993 (see attached) which clearly states "if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages." This includes a PSI Report. Such is the cause of action in Plaintiff's Complaint.

In December of 2003, Plaintiff's incarceration at Coleman prison was inconsistent with BOP 5100.07, Designation and Classisfication Manual, because Plaintiff scored zero (0) points, out-custody, and should have been housed at a camp, not a prison. Plaintiff's Unit Team submitted Plaintiff for a transfer to a Camp in the Southeast Region, consistent with the 5100.07 Manual. On January 30, 2004, Regional Designator Kathy Lane denied

Plaintiff's transfer to a camp because of a prior arrest in 1985, which Plaintiff was also acquitted of by a jury of his peers. This information also erroneously appears in Plaintiff's PSI under Criminal History. The PSI also clearly states that Plaintiff was acquitted of the 1985 charge.

On July 26, 2004, Plaintiff exhausted his administrative remedy (Case No. 325514-R1) on this denial of his transfer to a Camp, where he would have been able to enter the R.D.A.P. in a timely manner and had a chance to receive the full twelve (12) month sentence reduction, as well as be housed in a less restricted, safer environment, receive furloughs, a better job, and opportunities to earn money; instead, Plaintiff, a non-violent first-time offender was kept housed in Coleman prison with violent multi-offender inmates who scored five (5) to nine (9) points and who eventually attacked and bludgeoned Plaintiff with a wooden broom handle.

Plaintiff fully informed the BOP and its employees, Mr. Pearson, Mr. Sero and Mr. Watts, during the administrative remedy process that he was acquitted of the erroneous information in his PSI and it was a violation of his constitutional rights to use it against him. Mr. Pearson stated in writing in the BP-9 that he was additionally using the aforementioned firearm Plaintiff was acquitted of possessing to further deny Plaintiff's transfer to a Camp.

Once again Defendant acted with complete disregard to the Privacy Act (e)(5), (g)(1)(C) and (g)(4), and United States Justice Department Operation Memorandum 068-93 (5820), previously

quoted in this Complaint. This includes determination regarding custody and security classification, which are Camp placement. Such is the cause of action in Plaintiff's Complaint.

## CLAIM

1. It is the Claim of the Plaintiff that the Defendant, the BOP and its employees, Ms. Chamura, Mr. Lockett and Mr. Sero, willfully and intentionally failed to maintain accurate files and those records were used adversely towards the Plaintiff when he was declared ineligible for §3621(e)(2)(B), a sentence reduction as incentive for Plaintiff's participation in the R.D.A.P. Plaintiff further claims that this failure to maintain accurate records caused Plaintiff to be irreparably harmed, violating his constitutional rights under the Fifth Amendment of Double Jeopardy, the Sixth Amendment of Due Process, the Eighth Amendment of Cruel and Unusual Punishment, the Fourteenth Amendment of Equal Protection under the law, and that the Defendant is now liable for money damages under the Privacy Act (e)(5), (g)(1)(C) and (g)(4).

2. It is the claim of the Plaintiff that the Defendant, the BOP and its employees, Ms. Lane, Mr. Pearson, Mr. Sero and Mr. Watts, willfully and intentionally failed to maintain accurate files and those records were used adversely toward the Plaintiff when he was denied Camp placement, which was a determination regarding custody and security classification. Plaintiff further claims that the denial of Camp placement caused the lose of his opportunity to receive a full one year sentence reduction as

incentive for participating in the R.D.A.P., as well as a loss of furloughs, job, opportunity to earn money, quarters assignment, and to be housed with other first time, non-violent offenders, instead of a prison where Plaintiff was beaten and bludgeoned. Additionally, Plaintiff claims that this failure to maintain accurate records caused Plaintiff to be irreparably harmed, violating his constitutional rights under the Fifth Amendment of Double Jeopardy, the Sixth Amendment of Due Process, the Eighth Amendment of Cruel and Unusual Punishment, the Fourteenth Amendment of Equal Protection under the law and that the Defendant again is now liable for money damages under the Privacy Act (e)(5), (g)(1)(C), and (g)(4).

## VENUE

This Complaint is filed in the proper venue. See §552a(G-5):

> An action to enforce any liability created under this section may be brought in the District Court of the United States in the District Court in which the complainant resides, or has his principle place of business, or in which the Agency records are situated, or in the District of Columbia, without regard to the amount in controversy.

The Defendant, the Bureau of Prisons and its employees, whose head quarters and records are located in Washington, D.C., are in the jurisdiction of this Court. Accordingly, this Court has venue.

## JURISDICTION

The District Court for the District of Columbia has jurisdiction in this case. See 28 U.S.C. §1331:

6

The District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treatise of the United States.

Accordingly, this Court has jurisdiction over all parties and all issues in this case.

## PRISON LITIGATION REFORM ACT

The P.L.R.A. amended 42 U.S.C. §1997(e) to provide that:

No actions shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law by a prisoner confined in jail, prison or other correctional facility until such administrative remedies are exhausted.

Plaintiff Anthony V. Laterza exhausted his administrative remedies pertaining to the issues raised in the instant case. Administrative Remedy Case No. 325514-R1 was exhausted on July 26, 2004 (see attached). Administrative Remedy Case No. 382356-R1 was exhausted on September 20, 2005 (see attached). The Bureau of Prisons tolled the time on Remedy No. 382356-R1 because they returned Plaintiff's BP-10 to Plaintiff forty-one (41) days from the date Regional Counsel denied the Appeal which was eleven (11) days after the Appeal was due in Washington, D.C., thus time barring Plaintiff and foreclosing this administrative remedy process.

Accordingly, Plaintiff's claim is timely filed and not barred by the statue of limitations, nor the Prison Litigation Reform Act.

## RELIEF REQUESTED

1. Plaintiff respectfully requests a jury and/or this Honorable Court to award general damages, and/or pensatory damages, and/or punitive damages from the Bureau of Prisons in the amount of Five Million Dollars ($5,000,000.00), for pain and suffering, mental duress, and false imprisonment.

2. Plaintiff respectfully requests this Honorable Court for injunctive relief, and to enjoin the Defendant to restrain from any further confinement of the Plaintiff Anthony V. Laterza, Reg. No. 74695-004, and any future supervised release.

3. Plaintiff respectfully requests any and all other relief this Honorable Court deems just and proper.

Date: June 6, 2006

Respectfully Submitted,

*[signature]*

Anthony V. Laterza
Reg. No. 74695-004
FCC Coleman-Medium
P.O. Box 1032
Coleman, Florida 33521-1032

**Administrative Remedy No. 325514-A2**
**Part B - Response**

This is in response to your Central Office Administrative Remedy in which you request a transfer to a minimum security facility to participate in the Residential Drug Abuse Program (RDAP). Specifically, you claim a transfer request submitted by the institution was inappropriately denied by the South East Regional Office.

Our review reveals that the Warden and Regional Director accurately addressed the issue you raised in your appeal. Decisions regarding transfers are left to the discretion of the Warden and Regional Director per Program Statement 5100.07 *Security Designation And Custody Classification Manual*. The intent of P.S. 5100.07 is to allow staff to use professional judgement in decisions involving custody classification. Staff reviewed your suitability for camp placement and determined that your assessed security needs indicate you are appropriately housed at FCI Coleman (Low). Consequently, a decision was made to apply a Greater Security Management Variable (MV) to your custody classification scoring. The Management Variable of "Greater Security," justifies housing you in an institution not consistent with your security level. We find this decision to be within the Regional Director's discretion and in accordance with policy. Based on the above, we concur with the responses. Accordingly, your appeal is denied.

_July 26, 2004_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

06 1157
**FILED**
JUN 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Regional Administrative Remedy Appeal No. 382356-R1
Part B - Response


This is in response to your Regional Administrative Remedy Appeal receipted September 6, 2005. You allege the Bureau of Prisons has taken into account an unconstitutional enhancement to deny you early release. As relief, you seek an explanation why you are not eligible for early release under 18 U.S.C. § 3621(e).

Program Statement 5162.04, <u>Categorization of Offenses</u>, dated October 9, 1997, states, "Inmates convicted of an offense listed in Section 7, (b) may be denied certain Bureau programs, including early release pursuant to 18 U.S.C. § 3621(e)." You were convicted of Manufacturing more than 100 Marijuana Plants in violation of 21 U.S.C. § 841 (A) (1). During your sentencing, the court made a finding on whether or not your offense warranted an enhancement. Review of your Specific Offense Characteristic (SOC) section of your Pre-sentence Investigative Report (PSR), indicated you received a two-point enhancement, based on possession of a dangerous weapon. This satisfies the standard listed in the introductory portion of Section 7, under the "Director's Discretion."

The sentencing court issued you a two-point Specific Offense Characteristic. This enhancement has not been modified or vacated by a court who has jurisdiction over your case. Additionally, we find that the information in your PSR is sufficiently reliable to justify the decision.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

9-20-05
Date

Regional Director, SERO

U.S. Department of Justice
Federal Bureau of Prisons

# Operations Memorandum

Number   068-93  (5820)
Date     March 15, 1993
Subject  Maintenance of Inmate Files

1. **PURPOSE**. The purpose of this Operations Memorandum is to advise Unit Team staff members of a recent case concerning staff response to a claim by an inmate that his central file contained incorrect information.

2. **BACKGROUND**. In Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), the court held that the Bureau of Prisons must maintain accurate records of information which are capable of being verified. The case involved an inmate who was challenging information in his file, including a presentence report reference to an alleged bank robbery. The inmate contended that the bank robbery charge had been dismissed, and that its inclusion in the presentence report had resulted in the denial of parole and adverse determinations regarding custody and security classifications, job and quarters assignments, and the opportunity to earn money and good time. The Parole Commission had noted in the inmate's file that he disputed the information in his record; the Bureau of Prisons apparently maintained the challenged information in the record without comment, despite the fact that the probation officer had written a letter indicating that the charge had been dismissed.

The court held that if an agency willfully or intentionally fails to maintain accurate files, and those records then result in an adverse determination toward an individual, the agency will be liable for money damages. The rule of the case is that "the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." Sellers at 312. The Sellers court held that an agency does not meet the requirements of the Privacy Act simply by noting that the information is disputed. If the court were to find a willful or intentional failure to maintain accurate records, the agency could be liable for

money damages to the inmate. Because inmates from all over the country may file Privacy Act suits in the District of Columbia, the <u>Sellers</u> case will affect all of our institutions. A final determination has not yet been made in <u>Sellers</u> regarding whether the Bureau's actions will be considered willful or intentional and therefore result in the granting of monetary damages to the inmate. The procedures recommended below in this Operations Memorandum, are intended to minimize the chances of such award resulting from future challenges.

3. ACTION. Unit team staff need to take reasonable steps to ensure the accuracy of challenged information in an inmate's central file, particularly when the information challenged can be verified. Initial reasonable steps include requiring specific action from the inmate, such as providing documents which support a challenge to the information in the files. The inmate can also be asked to provide the names of people to contact regarding the challenged information.

If an inmate is able to provide such information in support of a challenge, unit staff have a duty to investigate and to take steps to ensure the correction of any inaccuracies discovered. Once a determination can be made by Bureau staff that information in an inmate's central file is incorrect, that information must not be used by staff. For example, in a situation like <u>Sellers</u> where the inmate challenged the Presentence Report, unit staff should not change the report but should inform the probation officer that the report has been challenged. If the probation officer confirms that the information in the report is inaccurate, staff should insert a note to that effect in the file in order to ensure that no decisions affecting the inmate are based on the discredited information. Staff should also request an updated Presentence Report from the probation officer. These procedures will be incorporated into the Central File Program Statement at the next annual review.

Patrick R. Kane
Assistant Director
Correctional Programs Division

Wallace H. Cheney
Assistant Director
Office of General Counsel