**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ANTHONY V. LATERZA,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        Civil Action No. 06cv1157 (RWR)
                                       )
FEDERAL BUREAU OF PRISONS,             )
                                       )
            Defendant.                 )
_____    )

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

defendant the United States Bureau of Prisons, through counsel, hereby moves to

dismiss the complaint, which seeks relief under the Privacy Act and the Fifth, Sixth,

Eighth, and Fourteenth Amendments to the United States Constitution.  The Federal

Bureau of Prisons moves for dismissal of this suit in its entirety.

Inasmuch as Plaintiff's Complaint seeks immediate or expedited release from

"any further confinement" and "any future supervised release," such relief can not be

sought through the Privacy Act of 1974, nor in this jurisdiction.  The District Court with

jurisdiction over the custodian of the Plaintiff is the United States District Court for the

Middle District of Florida.  His request for monetary damages equally fails as the United

States is immune from suit for monetary damages for alleged constitutional violations.

Dismissal of this suit is also proper as Plaintiff has not exhausted the administrative

remedies, which must be completed prior to civil actions being brought.  To the extent

Plaintiff asserts claims which accrued prior to June 26, 2004, these claims are time-

barred.  Finally, because the Defendant has exempted the records at issue from the

Privacy Act's amendment, accuracy, and damages provisions, and because Plaintiff identifies no other waiver of sovereign immunity on the part of the United States that would permit the relief sought in the complaint, the complaint should be dismissed.

In support of this motion, the Court is referred to the accompanying Memorandum of Points and Authorities. A proposed Order consistent with this motion is attached hereto.

Plaintiff should take notice that any factual assertions contained in the attached Memorandum in Support of this Motion and supporting exhibits will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions therein. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992).

Furthermore, should this Court treat Defendants' Motion to Dismiss as a motion for summary judgment, the Federal Rules of Civil Procedure provide:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988) ( *pro se* party may lose if he fails to respond to a dispositive motion); Local Rule 56.1 ("the court may assume that facts identified by the moving party in its statement of facts are

admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion").

Respectfully submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, DC BAR #451058
United States Attorney

/s/ Rudolph Contreras
RUDOLPH  CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/ Darrell C. Valdez
DARRELL C. VALDEZ, DC BAR #420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTHONY V. LATERZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 06cv1157 (RWR) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I.    BACKGROUND & SUMMARY OF ARGUMENTS**

    **A.    Background.**

       Plaintiff, Anthony Laterza, Reg. No. 74645-004, is a federal prisoner with a

release date of March 12, 2007.  Ex. 1 (Public Information Data).  He was convicted in

the matter of United States v. Anthony Laterza, 02-cr-01472 (S. D. Fla.)  (hereafter

referred to as "Criminal Case") of manufacturing more than 100 marijuana plants in

violation of 21 U.S.C. § 841(a)(1).  Prior to sentencing, the Plaintiff with the assistance

of counsel, was given the opportunity to review and raise objections to the Presentence

Report prepared by the United States Probation Office for the United States District

Court, Southern District of Florida ("Probation").  See Criminal Case, Dkt. No. 96 at 2-3.

Plaintiff was sentenced on April 30, 2003, to a 60-month term of imprisonment.  See

Criminal Case, Dkt. No. 99 at 1-2.  On appeal to the Eleventh Circuit, his conviction and

sentence were upheld.  Criminal Case, Dkt. No. 121 at 2.  In so doing, the Eleventh

Circuit observed the sentencing court "committed no clear error in finding that appellant

possessed a firearm during the offense."  After remand from the Supreme Court, the

Eleventh Circuit again upheld Plaintiff's sentence and conviction.  Criminal Case Dckt., Doc. 125, Judgment in United States v. Anthony Laterza, No. 03-12499 (11th Cir. June 7, 2006) (per curiam) (attached as Ex. 6).  Defendant has found no documentation suggesting Plaintiff has requested relief under 28 U.S.C. § 2255.

Having exhausted his direct appeal, but apparently without exhausting habeas remedies, Plaintiff filed this case.[1]  Through this suit, Plaintiff asserts claims under the Privacy Act of 1974 and under the United States Constitution.   He contends that the Federal Bureau of Prisons (the "Bureau" or "BOP") is maintaining an inaccurate record – his District Court presentence investigation report (PSI), which was prepared and an addendum was added in 2003 by Probation – an arm of the Federal courts – and alleges the reliance on inaccurate information contained therein has caused him harm.  Complaint at 2-4.  Plaintiff seeks the following relief:

> – an award of actual, compensatory, and/or punitive damages in the amount of five million dollars $5,000,000 for pain and suffering, mental duress, and false imprisonment;
>
> – injunctive relief from serving the remaining term of his sentence of incarceration imposed in United States v. Anthony Laterza, 02-cr-01472 (S. D. Fla.) , effectuating his immediate release from incarceration; and
>
> - injunctive relief from serving the supervised release term also imposed as part of the sentence ordered in United States v. Anthony Laterza, 02-cr-01472 (S. D. Fla.).

Complaint at 8.

---

[1]  In addition to the companion civil rights action field in this District as Case No. 1:06-cv-01158, Plaintiff filed a related civil rights action in the United States District Court for the Middle District of Florida on or about December 21, 2005, which was dismissed without prejudice for failure to pay the filing fee.  Laterza v. Federal Bureau of Prisons, 5:05-cv-00508-WTH-GRJ (M.D. Fla.).

**B.     Summary of Argument.**

Plaintiff's challenge goes specifically to the lawfulness of the sentencing court's application of a sentence enhancement for possession of a firearm.  Complaint at 3 (alleging that Plaintiff was ineligible for early release due to "unconstitutional enhancement" listed on page 6 of PSI) and 5, ¶ 1.  Thus, the alleged inaccuracy in the PSI is embodied in the statements reflecting the sentencing courts application of a sentence enhancement for the possession of a dangerous weapon.  See Criminal Case.  While Plaintiff directs his complaint against alleged inaccuracies in the PSI at page 6 (Complaint at 3), information pertinent to the challenged content appears in the PSI in several sections which are reproduced in relevant part in the attached Declaration of Christine Greene (Ex. 4) at 4-7.

To the extent Plaintiff may assert a claim under the Constitution challenging the applicability of a sentence enhancement which was applied by the sentencing court and its effect on the duration of his sentence, Plaintiff's challenges would properly be brought through direct appeal or collaterally through a *habeas* petition under Title 28 U.S.C. § 2255.  Plaintiff's conviction has been upheld on direct appeal.  See Criminal Case Dkt. Nos. 121 and 125.  Consequently, because the relief he seeks would impact the duration of his imprisonment, he must seek such relief via a § 2255 *habeas* petition, which can not be brought in the District of Columbia.

The allegations purportedly supporting Plaintiff's second claim simply fail to state a Privacy Act violation.  He alleges the PSI <u>accurately</u> states there was a 1985 arrest for which he was acquitted.  Complaint at 3-4 & 5 (acknowledging "PSI also clearly

3

states that Plaintiff was acquitted of the 1985 charges)." Thus, because the information contained in his PSI was, in fact, accurate, his allegations fail to state a claim under the Privacy Act.

In any event, no Privacy Act claim can be maintained as Plaintiff has failed to exhaust administrative remedies as to his claims that the Bureau maintains inaccurate records. And any claim which accrued prior to June 26, 2006, is time-barred under the Privacy Act. Moreover, the record which is alleged to contain inaccurate information is exempt from the Privacy Act's amendment, accuracy, and damages provisions. Martinez v. BOP, 444 F3d 620, 624 (DC Cir. 2006). And the United States has not waived sovereign immunity for suits seeking money damages for alleged constitutional violations and Plaintiff neither alleges common law tort claims, nor that he has satisfied the presentment requirements necessary to bring tort based suits against the United States. 28 U.S.C. §§ 2675, *et seq.*

Finally, although Plaintiff alleges he "exhausted his administrative remedies pertaining to the issues raised in the instant case," Complaint at 7, he, in fact, failed to exhaust his administrative remedies under the Prison Litigation Reform Act sufficient to permit him to bring a suit over prison conditions. Specifically, Plaintiff references two separate remedy submissions: Remedy No. 325514-R1 and 382356-R1. Id. An examination of the agency denial claims submitted by Plaintiff (Complaint at 9) in conjunction with Bureau records[2], reveal his grievance in Remedy No. 325514 involved

_____

[2] Agency retention of the actual submissions and responses is three years. These records were archived at the institution and were not located and retrieved prior to this filing.

4

a February 2004 challenge to the denial of his request for transfer to a minimum security facility for participation in a residential drug abuse program.  Complaint at 9. Similarly, the issue presented through the grievance assigned Remedy No. 382356 requested that he be deemed eligible for a reduction in sentence for participation in a residential drug program.  Ex 2 (Remedy No. 382356 Submissions and Responses at "Statement").  While agency action in these instances took into consideration information from the PSI which may include the challenged content, neither request asked the Bureau to investigate the falsity of the information in the Bureau's files, nor challenged the investigation which was conducted.

## II.    **STANDARD OF REVIEW FOR MOTION TO DISMISS**

The standard to be applied in deciding a motion to dismiss is well-established. For purposes of deciding whether a plaintiff has failed to state a cause of action, the factual allegations of the complaint must be taken as true, and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader.  Caudle v. Thomason, 942 F. Supp. 635, 638 (D. D.C. 1996).  Despite this generous standard, the complaint still must set forth sufficient factual information to suggest that there exists some recognized legal theory upon which relief can be granted.  Id.  A court must dismiss a complaint where, even assuming all the factual allegations are true, the plaintiff has failed to establish a right to relief based upon those facts.  Id.

The plaintiff bears the burden of establishing the court's subject matter juris-diction.  See Miller v. United States, 710 F.2d 656, 662 (10th Cir.), cert. denied, 464 U.S. 939 (1983); Baird v. United States, 653 F.2d 437, 440 (10th Cir. 1981), cert.

5

denied, 454 U.S. 1144 (1982).  In deciding a motion under Rule 12(b)(1), the Court may

go beyond the allegations of the Complaint.  See Land v. Dollar, 330 U.S. 731, 735 n. 4

(1947); Herbert v. National Academy of Sciences, 974 F.2d 192, 197-98 (D.C. Cir.

1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Bonterra America, Inc.

v. Bestmann, 907 F. Supp. 4, 5 n.1 (D.D.C. 1995); Kuffel v. United States Bureau of

Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995).  Additionally, a court may properly

take judicial notice of court records without converting a motion to dismiss into a motion

for summary judgment.  E.g., Baker v. Henderson, 150 F.Supp.2d 17, 19 n. 1 (D.D.C.

2001) (""in determining whether a complaint fails to state a claim, the court may take

judicial notice of matters of a general public nature, such as court records, without

converting the motion to dismiss into one for summary judgment.");  Himmelman v. MCI

Communications, 104 F. Supp. 2d 1, 3 (D.D.C. 2000) ("[t]he court may consider [on a

motion to dismiss] the allegations of the complaint, documents attached to or

specifically referred to in the complaint, and matters of public record.").  This is so

because a motion under Rule 12(b)(1) "calls into question the court's power to hear the

plaintiff's claim ... and therefore imposes upon courts an affirmative obligation to ensure

that they are acting within the scope of their jurisdictional power."  5A Wright & Miller,

Federal Practice & Procedure 2d § 1350; see also District of Columbia Retirement Bd.

v. United States, 657 F. Supp. 428, 431 (D.D.C.1987).  Accordingly, the Court need not

limit itself to the allegations of the Complaint in deciding a 12(b)(1) motion.  Instead,

"the Court may consider the complaint supplemented by undisputed facts evidenced in

the record ... plus the court's resolution of disputed facts."  Herbert v. National Acad. of

Sciences, 974 F.2d 192, 197 (D.C. Cir.1992).

A motion to dismiss under Rule 12(b)(6) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making determinations on a motion to dismiss under Rule 12(b)(6), a court must view facts alleged in the complaint in the light most favorable to the plaintiff. Id.; see also Nix v. Hoke, 139 F. Supp. 2d 125, 131 (D.D.C. April 2001) (citing, Weyrich v. The New Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001)), and Slaby v. Fairbridge, 3 F. Supp. 2d 22, 27 (D.D.C. 1998). In this case, Plaintiff fails to establish a right to relief on the claims asserted, even when accepting the facts he alleges as true.[3]

## III.    ARGUMENT

### A.    Habeas-Type Relief is Not Available To Plaintiff in the District of Columbia.

Plaintiff's challenge to the constitutionality of the sentencing court's application of an enhancement at sentencing is a matter properly brought through a court's *habeas* jurisdiction. Anyanwutaku v. Moore, 151 F.3d 1053, 1056 (D.C. Cir.1998) (claims required to be brought under court's habeas jurisdiction " 'necessarily imply,' or automatically result in, a speedier release from prison"). In Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000), the Court of Appeals clearly pointed out that a prisoner imprisoned outside of the District of Columbia cannot challenge in this district the legality or duration of his confinement. Plaintiff must proceed through a

---

[3]    Federal Defendant, of course, does not concede that the factual allegations in the Complaint are true and, in fact, would dispute many of them if this matter could survive.

petition for *habeas corpus* in the district of his confinement to obtain the relief from his

sentence which he seeks.[4]  Rumsfeld v. Padilla, 542 U.S. 426 (2004).  Plaintiff is

confined at a facility at the Federal Correctional Complex in Coleman, Florida, which is

within the jurisdiction of the Middle District of Florida.  Thus, dismissal of this suit is

proper.

**B.    Plaintiff Failed to Exhaust Administrative Remedies**

The Federal Bureau of Prisons has established an administrative remedy

procedure through which a federal prisoner may challenge any aspect of his

imprisonment.  These procedures, codified at 28 C.F.R. 542.10, et seq., provide three

levels of appeal (institutional, regional, and national) to an inmate who has not been

able to informally resolve his complaint.  A decision by the Bureau of Prisons is not final

and hence not reviewable until relief has been denied by the Central Office.  28 C.F.R.

§ 542.15.  Plaintiff is incarcerated and therefore is subject to the exhaustion

requirements embodied in the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C.

§1997(e).  Porter v. Nussle, 534 S.Ct. 516, 524 (2002).

> Statutes sometimes provide administrative procedures as the exclusive
> remedy. Even apart from a statutory command, it is common sense to
> permit the simple, speedy, and inexpensive processes of the
> administrative machinery to sift the facts and compile a complete record
> for the benefit of any reviewing courts.

Moore v. City of East Cleveland, Ohio, 431 U.S. 494 (1977).

The PLRA amended 42 U.S.C. § 1997e, which now states "[n]o action shall be

---

[4]  The Court has cautioned against liberally construing and proceeding with civil
actions as if filed as a § 2255 habeas petition.

brought .... by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussle, 534 U.S. 516 (2002). The PLRA's exhaustion requirement attaches when a confined prisoner **commences** a lawsuit. Jackson v. District of Columbia, 254 F.3d 262, 269-70 (D.C. Cir. 2001). If, as Plaintiff claims (Complaint at 7), he assumed he was time-barred from pursuing administrative remedies without even attempting to exhaust, this would not be an appropriate basis for finding his procedural default for failing to pursue administrative remedies sufficient to meet the PLRA's exhaustion requirement. Artis-Bey v. District of Columbia, 884 F.2d 626, 638 (D.C. Cir. 2005) (finding PLRA exhaustion requirement satisfied by substantial compliance).

In the present case, Bureau Program Statement 5800.11, Inmate Central File, Privacy Folder, and Parole Mini Files (September 8, 1997) pages 19-21, provides for investigation of claimed inaccuracies in documents maintained by the Bureau but created by other entities. Bureau records reveal the Plaintiff submitted an Inmate Request to Staff Member on or about February 12, 2004, to his Unit Team, through which he sought correction of the alleged inaccuracies in his PSI. Ex. 3 (Bureau Investigation of Alleged Inaccurate Information). Consistent with P.S. 5800.11, unit staff relayed his concerns about inaccuracies on the PSI to the Probation Office who generated the report on March 1, 2004. On March 15, 2004, U.S. Probation Officer Patrick B. Hogan responded to the Bureau's inquiry. His correspondence stated changes to the PSI may only be made by order of the court and further stated "the two point enhancement questioned by Mr. Laterza, was specifically addressed by the court

9

at the time of sentencing and the court found that the enhancement was properly applied." Ex. 3 (Letter From Probation Office). Plaintiff fails to demonstrate the adequacy of this investigation was challenged through the administrative remedy process. As to Remedy No. 382356-R1, Plaintiff acknowledges that he never sought review of his claims from the final level of agency review in Washington, DC. Complaint at 7.

Consequently, Plaintiff has not pursued his complaints through all levels of the Bureau's administrative remedy procedure, and is now time-barred from doing so. <u>See</u> Section III.C.3., *infra*. Ex. 2 (Remedy Submissions and Responses); Ex. 4 at ¶¶ 11-12; Ex. 5 (SENTRY Printout Administrative Remedy Generalized Retrieval). For this reason, to the extent his lawsuit challenges the agency's decision not to amend or correct his PSI after investigation of his claim of inaccuracies and receiving correspondence from the USPO confirming the accuracy of the document, the suit must be dismissed. Indeed, the only issue which he exhausted, the denial of his February 2004, request to complete the residential drug program in a Camp rather than a Low Security Institution, is also time-barred,[5] and must be dismissed.

**C.      Plaintiff's Privacy Act Claim is Barred.**

The Privacy Act requires, *inter alia*, that agencies maintain their records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5); <u>Sellers v.</u>

---

[5] <u>See</u> 5 U.S.C. § 552a(j)(2). An articulation of the support for the statute of limitations argument is made *infra*.

Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). The Privacy Act provides both administrative and civil remedies for violations of its provisions.  Under § 552a(d)(2), for instance, an individual may request that an agency administratively amend records he claims are inaccurate. Under § 552a(g)(1)(C), an individual may bring a civil action if an agency's failure to maintain accurate records results in a determination adverse to him, but may collect damages under § 552a(g)(4) only if the agency's conduct was willful or intentional.  Sellers, 959 F.2d at 312.  Injunctive relief is not available under this act and Plaintiff has not demonstrated the requirements of 18 U.S.C. § 3626, have been met. Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).

### 1.    The Privacy Act Does Not Apply to the PSI Report Which is a District Court Record.

Plaintiff does not challenge the fact there was a loaded weapon in the storage unit where he and 230 marijuana plants were found.  Ex. 4 at ¶ 13.  Instead, this challenge ultimately seeks damages for what he believes is the sentencing court's unconstitutional application of a Specific Offense Characteristic enhancement for possession of a dangerous weapon at his criminal sentencing.  The Privacy Act only applies to records of agencies which is defined to include:

> (f) For purposes of this section, the term–
>
>> (1) "agency" as defined in section 551(1) of this title includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency. . .

5 U.S.C. § 552(f);  5 U.S.C. § 552a(a)(1) (adopting definition at "section 552(f) of this

title).   Thus, the provisions of the Privacy Act are not available to provide Plaintiff the

relief he seeks as the Privacy Act does not apply to sentencing decisions of Federal

judges.

### 2.    The BOP Records at Issue in this Case Are Exempt from the Accuracy Provisions of the Privacy Act.

As a law enforcement agency, the Bureau of Prisons may be exempted from

certain provisions of the Privacy Act. See 5 U.S.C. § 552a(j)(2).  In 1987, the

Department of Justice published a regulation exempting the Bureau of Prisons from the

*amendment* provision of the Privacy Act, 5 U.S.C. §552a(d)(2).  See 28 C.F.R. § 16.85

(1987); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).  The Circuit Court of

Appeals held, however, that, because the Bureau of Prisons had not been exempted

from the *accuracy* provision of the Privacy Act, the Bureau of Prisons remained subject

to civil actions under subsection (g)(1)(C) of the Act.  Sellers, 959 F.2d at 309 (allowing

civil action against Bureau of Prisons because "regulations governing the Bureau of

Prisons and U.S. Parole Commission do not exempt those agencies' records from

section (e)(5) of the Act"); see also Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657

(D.C. Cir. 1996) ("Subsection (g)(1)(C) provides a civil remedy if an agency fails to

satisfy the standard in subsection (e)(5)").

This changed in 2002, when the Department of Justice published a regulation

exempting certain Bureau of Prisons' record systems from the *accuracy* provision of the

Privacy Act, § 552a(e)(5).  See 28 C.F.R. § 16.97.  The new regulation went into effect

on August 9, 2002.  Among the record systems newly exempted from the accuracy

provision was the Bureau of Prisons's Inmate Central Records System.

The impact of the 2002 regulations on cases such as this one was recently

recognized by the Court of Appeals in Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir.

2006):

> [T]he district court properly dismissed appellant's claims against the BOP. The
> BOP has exempted its Inmate Central Record System from the accuracy
> provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5). See 28 C.F.R. § 16.97(j).
> Appellant does not challenge the BOP's authority to exempt its records, and the
> BOP did not expressly waive the exemption. Even if it had waived the exemption,
> the record shows that the BOP provided a reasonable explanation for its refusal
> to correct its records as appellant requested. The BOP contacted the USPC and
> the USPO and was advised that the BOP's records regarding appellant were
> accurate.

Martinez, 444 F.3d at 624.

The record at issue here is maintained in the Inmate Central Records System,

which is exempt from the amendment and accuracy provisions of the Privacy Act. Ex. 4

at ¶ 6. Accordingly, Plaintiff cannot demonstrate that the Court has jurisdiction over his

Privacy Act claim, nor has he stated a claim upon which relief can be granted.

### 3.    Plaintiff's Privacy Act Claim is Barred by the Applicable Statute of Limitations.

Under the accuracy provision of the Privacy Act, claims must be brought within

two years of the "date on which the cause of action accrues."  5 U.S.C. §552a(g)(1).

The two-year limitations period may only be tolled where there has been material and

willful misrepresentation of information necessary to establish agency liability. Id.;

Tijerina v. Walters, 821 F.2d 789, 794 (D.C. Cir. 1987).

In his Complaint, Plaintiff alleges that he was denied a transfer on January 30,

2004, due to the Bureau's reliance on the alleged inaccurate sentence enhancement in the PSI. Complaint at 3. Thus, Plaintiff was clearly on notice as of that time of his potential claim. As this suit was not filed until June 26, 2006, this claim, and any other claim under the accuracy provision of the Privacy Act which may have accrued prior to June 26, 2004, is barred by the statute of limitations.

### 4.    **The Relief Sought By Plaintiff Is Unavailable Under the Privacy Act**.

The Privacy Act authorizes a civil action for violations specified in 5 U.S.C. §552a(g)(1). Inasmuch as the suit is read to challenge the accuracy of information maintained by the BOP in the Inmate Central File regarding Anthony Laterza, Reg. No. 74695-004, the Privacy Act only authorizes monetary damages in limited circumstances, and release from incarceration is not an available remedy for vindicating rights relating to maintenance of inaccurate records.

Furthermore, Plaintiff fails to allege and Ex. 3 (Records of Request to Probation) demonstrates the Bureau contacted the appropriate United States Probation Office and were advised the court had heard Plaintiff's objections to the application of a sentencing enhancement for possession of a dangerous weapon and found it properly applied. Id. Thus, Plaintiff cannot demonstrate a willful and intentional violation of the Privacy Act, and is not entitled to monetary damages.

### D.    **Plaintiff Fails to State Facts Sufficient to Allege a Privacy Act Claim**.

To state a claim for money damages under the Privacy Act,

[A] plaintiff must assert that an agency failed to maintain accurate records,

14

> that it did so intentionally or willfully, and consequently, that an "adverse"
> "determination [wa]s made" respecting the plaintiff. U.S.C. §
> 552a(g)(1)(C). That is, the plaintiff must allege: inaccurate records,
> agency intent, proximate causation, and an "adverse determination.

Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002).

Here, Plaintiff cannot demonstrate, and court records confirm, the application of the sentencing enhancement has not been found to have been unlawful. See Criminal Case, *generally*; see also Ex. 6. Plaintiff does not raise a challenge to the underlying fact of the dangerous weapon (loaded shotgun) being in the storage unit where he was arrested. See generally Complaint.

Even if the court were to consider the merits of the claim, this circumstance is akin to that before the Martinez court, where records demonstrate the Bureau inquired about the alleged inaccuracy and were informed the records accurately reflected the court's application of a sentence enhancement. Ex. 4 at ¶ 13. The Plaintiff fails to demonstrate any actual "inaccuracy" in the PSI, fails to articulate facts which could support a finding the agency intent necessary to support a Privacy Act claim for monetary damages, and requests injunctive relief which is not available under the Privacy Act. Plaintiff cannot state, nor maintain a claim under the Privacy Act. Thus, dismissal of this suit is proper.

### E.    Plaintiff Asserts No Other Waiver of Sovereign Immunity That Would Permit this Action to Proceed.

With respect to Plaintiff's Constitutional claims, the United States has not waived sovereign immunity for suits seeking monetary damages for alleged constitutional violation. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Given the inapplicability of the

Privacy Act to this case, Plaintiff has identified no other waiver of sovereign immunity which would permit this action to proceed against the Bureau of Prisons in the District of Columbia.   Sovereign immunity bars all suits against the United States except those suits permitted by the explicit terms of a statutory waiver of that immunity. Lane v. Pena, 518 U.S. 187, 192 (1996). The complaint states that the action is being brought under the Privacy Act and the Constitution.  The Constitution does not waive, explicitly or otherwise, the sovereign immunity of the United States.  See United States v. Testan, 424 U.S. 392, 401-402 (1976) ("the basis of a federal claim – whether it be the Constitution, a statute, or a regulation – does not create a cause of action for money damages" against the United States or its agencies, nor does it "eliminate[] from consideration the sovereign immunity of the United States").  It follows, given the inapplicability of the Privacy Act, that Plaintiff has failed to identify in the complaint any statute that would provide a waiver of sovereign immunity that would permit the case to proceed against the Bureau of Prisons.  Therefore, accepting as true all of the factual allegations contained in the complaint, this suit should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failing to state a claim.  See Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 580 (D.C. Cir. 2002).)

16

IV.    <u>**CONCLUSION**</u>

Based upon the foregoing, Defendant requests that this Motion to Dismiss be

granted, and that Plaintiff's Complaint be dismissed with prejudice.


Date:  September 14, 2006                    Respectfully submitted,


                                             /s/ Kenneth L. Wainstein
                                             KENNETH L. WAINSTEIN, DC BAR #451058
                                             United States Attorney


                                             /s/ Rudolph Contreras
                                             RUDOLPH  CONTRERAS, DC Bar #434122
                                             Assistant United States Attorney


                                             /s/ Darrell C. Valdez
                                             DARRELL C. VALDEZ, DC BAR #420232
                                             Assistant United States Attorney
                                             Judiciary Center Building
                                             555 4th St., N.W., Civil Division
                                             Washington, D.C.  20530
                                             (202) 307-2843

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 164th day of September, 2006, a copy of the

foregoing Motion to Dismiss was mailed, postage prepaid, to Plaintiff, Anthony Laterza,

Reg. No. 74695-004, P.O. Box 1032, Coleman, FL 22521-1032.


      /s/ Darrell C. Valdez   
     DARRELL C. VALDEZ
     Assistant United States Attorney

18