# 1    SENTRY Public Information Inmate Data

```
████████       *        PUBLIC INFORMATION        *      08-15-2006
PAGE 001        *           INMATE DATA            *      13:14:58
                          AS OF 08-15-2006
REGNO..: 74695-004 NAME: LATERZA, ANTHONY

                    RESP OF: COM / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 352-689-5000    FAX: 352-330-0552
                                        RACE/SEX...: WHITE / MALE
FBI NUMBER.: 794909T8                    DOB/AGE....: 09-15-1960 / 45
PROJ REL MT: GOOD CONDUCT TIME RELEASE   PAR ELIG DT: N/A
PROJ REL DT: 03-12-2007                  PAR HEAR DT:
------------------------- ADMIT/RELEASE HISTORY -------------------------
FCL   ASSIGNMENT DESCRIPTION          START DATE/TIME STOP  DATE/TIME
COM   A-DES      DESIGNATED, AT ASSIGNED FACIL 02-01-2006 1444 CURRENT
6-O   RELEASE    RELEASED FROM IN-TRANSIT FACL 02-01-2006 1444 02-01-2006 1444
6-O   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 02-01-2006 1418 02-01-2006 1444
COL   TRANSFER   TRANSFER                      02-01-2006 1418 02-01-2006 1418
COL   A-DES      DESIGNATED, AT ASSIGNED FACIL 05-21-2003 1040 02-01-2006 1418
S38   RELEASE    RELEASED FROM IN-TRANSIT FACL 05-21-2003 1040 05-21-2003 1040
S38   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-21-2003 0218 05-21-2003 1040
MIM   HLD REMOVE HOLDOVER REMOVED              05-21-2003 0218 05-21-2003 0218
MIM   A-HLD      HOLDOVER, TEMPORARILY HOUSED  05-07-2003 1344 05-21-2003 0218

████████       MORE PAGES TO FOLLOW . . .
```

```
████████        *        PUBLIC INFORMATION       *      08-15-2006
PAGE 002         *           INMATE DATA           *      13:14:58
                          AS OF 08-15-2006
REGNO..: 74695-004 NAME: LATERZA, ANTHONY

                 RESP OF: COM / DESIGNATED, AT ASSIGNED FACIL
                 PHONE..: 352-689-5000    FAX: 352-330-0552
PRE-RELEASE PREPARATION DATE: 10-01-2006

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-12-2007 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: FLORIDA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 02-14072-CR-MIDDLEBR
JUDGE...........................: GRAHAM
DATE SENTENCED/PROBATION IMPOSED: 04-30-2003
DATE COMMITTED..................: 05-21-2003
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00       $00.00        $2,500.00    $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT: $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 382
OFF/CHG: 21 USC 841(A)(1) -MANUFACTURING MORE THAN 100 MARIJUANA PLANTS

  SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   60 MONTHS
  TERM OF SUPERVISION............:    5 YEARS
  CLASS OF OFFENSE...............: CLASS B FELONY
  DATE OF OFFENSE................: 08-24-2001


████████      MORE PAGES TO FOLLOW . . .
```

```
███████       *       PUBLIC INFORMATION      *      08-15-2006
PAGE 003 OF 003 *          INMATE DATA         *      13:14:58
                          AS OF 08-15-2006
REGNO..: 74695-004 NAME: LATERZA, ANTHONY

                RESP OF: COM / DESIGNATED, AT ASSIGNED FACIL
                PHONE..: 352-689-5000   FAX: 352-330-0552
------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-25-2005 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-25-2005 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-30-2003
TOTAL TERM IN EFFECT............:    60 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS
EARLIEST DATE OF OFFENSE........: 08-24-2001

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    08-24-2001     08-25-2001
                                    06-09-2002     06-09-2002
                                    09-19-2002     04-29-2003

TOTAL PRIOR CREDIT TIME.........: 226
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 188
TOTAL GCT EARNED................: 162
STATUTORY RELEASE DATE PROJECTED: 03-12-2007
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 09-16-2007


PROJECTED SATISFACTION DATE.....: 03-12-2007
PROJECTED SATISFACTION METHOD...: GCT REL

██████        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

**2    Remedy No. 382356 Submissions and Responses**

**NAME: LATERZA, Anthony V.**
**REGISTER NUMBER: 74695-004**
**CASE NUMBER: 382356-F1**
**PART B-RESPONSE**

This is in response to your Request for Administrative Remedy receipted on July 12, 2005, in which you request a re-evaluation of your eligibility for sentence reduction under 18 U.S.C. 3621(e). You state the recent removal of your 3621(e) release eligibility is without merit because you state you were acquitted of possessing a firearm at trial.

A careful review of the matter reveals you are not eligible for a 3621(e) sentence reduction due to your instant offense being considered an excluding offense at the "Director's discretion." You were convicted of 21 U.S.C. 841(a)(1), Manufacturing More Than 100 Marijuana Plants. Listed in the Sentence Computation section of your Presentence Investigation Report is a Specific Offense Characteristic Enhancement for the Possession of a Dangerous Weapon. According to Program Statement 5162.04, Categorization of Offenses, dated October 9, 1997, inmates convicted of various listed offenses who received enhancements for the use of force, which includes the possession of dangerous weapons, have been convicted of an offense that will preclude them from receiving certain "Bureau program benefits," including 3621(e) sentence reduction.

Based on the above findings, your Request for Administrative Remedy is **DENIED**.

If you are dissatisfied with this response, you may appeal by filing a BP-DIR-10, to the BUREAU OF PRISONS, SOUTHEAST REGIONAL OFFICE, ATTN: REGIONAL DIRECTOR, BUILDING 2000, 3800 NORTH CAMP CREEK PARKWAY S.W., ATLANTA, GEORGIA 30331-5099 within twenty (20) calendar days from the date of this response.

_____          _8/15/05_
Charles L. Lockett, Deputy Warden          Date

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** LATERZA, Anthony V. 74695-004    C-2    Coleman Low
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

I Have been declared for the R.D.A.P., ineligible for the Sentence reduction, because of a 2 point enhancement on my P.S.I. for possesion of a Fire arm I was aquitted of possesing by a Jury at Trial. I did not possess a Fire arm and was Found Not Guilty of Doing So. The Supreme Court has ruled in Booker, Fan Fan and Blakely this is unconstitutional. See Statement + Exibits 1 +2    am vs

6-30-05
DATE                                    SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
JUL 1 2 2005
BY:_____

8/15/05
DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: 382356-F1

                                                     CASE NUMBER: 382356-F1

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____
DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN    Printed on Recycled Paper    BP-229(13)
APRIL 1982

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _LATERZA, Anthony V. 74695-004    C-2    coleman Low_

LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

I Have been declared for the R.D.A.P, ineligible for the Sentence reduction, because of a 2 point enhancement on my P.S.I. for possesion of a Fire aRm I was aquitted of possesing by a Jury at Trial. I did not possess a Fire arm and was Found Not Guilty of Doing So. The Supreme court has Ruled in Booker, Fan Fan and Blakely this is unconstitutional. See Statement + Exibits 1 +2

_6-30-05_ _anu v si_
DATE    SIGNATURE OF REQUESTER

---

**Part B– RESPONSE**

RECEIVED
JUL 1 2 2005
BY:_____

7-1-05
10.35 pm
K. Aldu.

---

DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: _PB382356-F1_

CASE NUMBER: _FDB382356-F1_

---

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN    BP-229(13)
APRIL 1982

## "BP-8" INFORMAL RESOLUTION FORM

NOTICE TO INMATE  You are advised that prior to filing a Request for Administrative Remedy Form ("BP-9"), you MUST attempt to informally resolve your complaint through your Correctional Counselor.  Please follow the three (3) steps listed below:

1.    State below your specific complaint.
2.    State below what efforts you have made to resolve your complaint informally.
3.    State below what action of resolution you expect.

I have Been declared ineligible for the R.D.A.P.
Sentence reduction, I have spoken to DR Procto
about the situation, I was Aquitted at Jury
Trial For Possesion of a Firearm - Please see Statement-

| Anthony V. Laterza | 74695-004 | 6-2 | 6-16-05 |
|---|---|---|---|
| Printed Name / Signature | Register Number | Qtrs / Unit | Date |

*(signature)*

**Correctional Counselor's Comments** (Include actual steps taken to resolve).

Because A dangerous Weapon was possesed, or Available
for you to possess, during the offense, you received
A two-point enhancement which makes you ineligible
for Early Release ß governed by USC 3621e.

| _(signature)_ | 6-29-05. | |
|---|---|---|
| Correctional Counselor's Signature | Date | **Staff Circle One:** |

**Unit Manager's Review**                                        **Informally Resolved**

| _(signature)_ | 6/29/05 | **(Not Resolved)** |
|---|---|---|
| Unit Manager's Signature | Date | |

**Distribution by Correctional Counselor:**

1.    If complaint is informally resolved, forward original BP-8 to Administrative Remedy Coordinator.

2.    If complaint is NOT informally resolved, forward original plus 4 copies of BP-8 and BP-9 to Administrative Remedy Coordinator.

RECEIVED
JUL 1 2 2005
BY

| | BP-8 Issued To Inmate | BP-8 Returned To Counselor | BP-9 Issued To Inmate | BP-9 Returned To Counselor | BP-9 Delivered to Admin. Remedy Coord. |
|---|---|---|---|---|---|
| Date: | 6-13-05 | 6-16-05 | 6-29-05 | 2(-05. | 7/7/05 |
| Time: | 7:19 Am | 7:44 Pm. | 12:55 AM, | 10:35 pm | 1:15 pm |
| Counselor: | H. Alicea | H. Alicea. | H. Alicea | H. Alicea | H. Alicea. |

Anthony V. Laterza #74695-004    C-2    6/13/05

### Statement

On February 24, 2003 I was found NOT GUILTY of possession of a firearm by a jury of my peers. (See Exhibit 1, page 4 of P.S.I.). At sentencing I was unconstitutionally enhanced 2 levels for the same firearm that I was acquitted at jury trial. (See Exhibit 2, page 6 of my P.S.I.)

The Supreme Court has ruled in <u>Blakely</u>, <u>Booker</u> and <u>Fan Fan</u> enhancements not proved to a jury beyond a reasonable doubt are unconstitutional. In my case the Government presented its evidence at jury trial for possession of a firearm including actual and constructive possession and I was unanimously acquitted 12-0 by a jury.

The unconstitutional enhancement is being used to deny me the sentence reduction for completion of the RDAP which I am currently enrolled.

I've spoken to Dr, Proeto who stated, "this is a contradiction and hypocritical." There is no logical reason for the BOP to declare me ineligible for the sentence reduction when they are fully aware that I was acquitted of the unconstitutional enhancement. To continue to use this unconstitutional enhancement against me is a further violation of my constitutional rights.

I am respectfully requesting my status be changed from ineligible to eligible for the RDAP sentence reduction.

Respectfully Submitted,

Anthony V. Laterza

## INVESTIGATOR'S REPORT

**INSTRUCTIONS.**

This form is provided to facilitate your investigation of the Administrative Remedy you have been assigned. As stated in Program Statement 1330.7, your job is to determine the validity of the grievance in light of facts, discrepancies, disparities in disposition, and/or other pertinent information. Specifically, you will review the files and memoranda, and interview any witnesses or other persons who may be able to reveal relative information. In cases where a specific department is alleged to in the complaint, always interview the Department head involved and include his/her comments. Finally, you will make conclusions based on your finding and prepare a draft response to the Warden's review.  The time for your response is seven (7) calendar days, although the draft response should be returned to the Assistant Warden's Secretary as soon as possible.

1. Date of Administrative Remedy   06/30/2005   Subject Code(s):   324

2. Date of Incident   _____

3. Does this grievance pertain to a complaint against a specific Staff Member? _____

4. Witnesses and/or other parties who can provide information

   a. Name: _____
      His/her comments relative to the complaint _____

   b. Name: _____
      His/her comments relative to the complaint _____

   c. Name: _____
      His/her comments relative to the complaint _____

Review all documents, files, policies, and memorandums pertinent to the complaint. Briefly assess their relevance to the complaint _____

Your findings and assessment of the complaint in terms of it's validity _____

Recommended Disposition:   Grant/Deny/Partially Grant

Prepare a draft response that correctly your recommended response to the grievance.  Always address any specific complaints raised in the complaint.

1. First sentence should be factual.
2. Address only the issue(s) in the remedy but address all of them and address them factually.
3. Any conclusions must be supported by statements of facts which support those conclusions.
4. A staff member's name, credentials, job classification, and other staff business issues, unless absolutely necessary.
5. Additional remedies should (a) restate the complaint, the decision, and facts upon which the decision is based.

Investigator's Name/Signature _____        Date _____

Inmate Name & Register no.   Lareeza Anthony #74695-004        Admin. Remedy Number   382356-F1

THIS REPORT WILL BE KEPT WITH THE INSTITUTION'S PHYSICAL FILE OF ADMINISTRATIVE REMEDIES FOR FUTURE REFERENCE.  THE FILE IS KEPT IN THE WARDEN'S OFFICE.

Regional Administrative Remedy Appeal No. 382356-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted September 6, 2005. You allege the Bureau of Prisons has taken into account an unconstitutional enhancement to deny you early release. As relief, you seek an explanation why you are not eligible for early release under 18 U.S.C. § 3621(e).

Program Statement 5162.04, Categorization of Offenses, dated October 9, 1997, states, "Inmates convicted of an offense listed in Section 7, (b) may be denied certain Bureau programs, including early release pursuant to 18 U.S.C. § 3621(e)." You were convicted of Manufacturing more than 100 Marijuana Plants in violation of 21 U.S.C. § 841 (A) (1). During your sentencing, the court made a finding on whether or not your offense warranted an enhancement. Review of your Specific Offense Characteristic (SOC) section of your Pre-sentence Investigative Report (PSR), indicated you received a two-point enhancement, based on possession of a dangerous weapon. This satisfies the standard listed in the introductory portion of Section 7, under the "Director's Discretion."

The sentencing court issued you a two-point Specific Offense Characteristic. This enhancement has not been modified or vacated by a court who has jurisdiction over your case. Additionally, we find that the information in your PSR is sufficiently reliable to justify the decision.

Accordingly, your Regional Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C., 20534. Your appeal must be received in the Office of General Counsel within 30 calendar days from the date of this response.

_9-20-05_
Date

_____
Regional Director, SERO

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: **Laterza Anthony V.**            **74695-004**            **C-2**            **Coleman - Low**
      LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.         UNIT         INSTITUTION

**Part A—REASON FOR APPEAL** I have Been unconstitutionally declared ineligible for 3621(e)(2)(B) sentence Reduction for 500 Hr. R.D.A.P. because of an unconstitutional enhancement on my S.E. (exh.2) The U.S. Supreme Court has vacated and Remanded my case for this unconstitutional enhancement in light of _Booker_. The enhancement is unconstitutional because I was Aquitted at Jury trial for possession of this Alleged Dangerous weapon a firearm.(exhibit 1) The P.g Response completely ignores the fact I was aquitted of the unconstitutional enhancement and states - According to program statement 5162.04 dated Oct.9, 1997, You are not eligible for a 3621(e) sentence Reduction because you were enhanced for possession of a Dangerous weapon. This is an illegal oxy-moron. I here by put the B.O.P on notice that I was aquitted at Jury trial for possession of the weapon I was enhorced for and that the Supreme Court has ruled this is unconstitutional. Futher more this is a violation of the Administrative Procedures Act (APA) Please see continued statement and two exhibits attached. **Note:** The BP-9 was Returned to Inmate on 8-06-05, please start 20 Day Response date as of 8-06-05

**8-29-05**
DATE

*(signature)*
SIGNATURE OF REQUESTER

---

**Part B—RESPONSE**

---

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

CASE NUMBER: **389251-R1**

---

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

USP LVN     DATE       Previous editions not usable       SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Anthony V. Laterza #74695-004    C-2    6/13/05

## Statement

On February 24, 2003 I was found NOT GUILTY of possession of a
firearm by a jury of my peers. (See Exhibit 1, page 4 of P.S.I.).
At sentencing I was unconstitutionally enhanced 2 levels for the
same firearm that I was acquitted at jury trial.  (See Exhibit
2, page 6 of my P.S.I.)

 The Supreme Court has ruled in <u>Blakely</u>, <u>Booker</u> and <u>Fan Fan</u>
enhancements not proved to a jury beyond a reasonable doubt are
unconstitutional.  In my case the Government presented its evidence
at jury trial for possession of a firearm including actual and
constructive possession and I was unanimously acquitted 12-0 by
a jury.

 The unconstitutional enhancement is being used to deny me
the sentence reduction for completion of the RDAP which I am currently
enrolled.

 I've spoken to Dr, Proeto who stated, "this is a contradiction
and hypocritical." There is no logical reason for the BOP to declare
me ineligible for the sentence reduction when they are fully aware
that I was acquitted of the unconstitutional enhancement.  To
continue to use this unconstitutional enhancement against me is
a further violation of my constitutional rights.

 I am respectfully requesting my status be changed from ineligible
to eligible for the RDAP sentence reduction.

Respectfully Submitted,

Anthony V. Laterza

**3    Bureau Investigation of Alleged Inaccurate Information**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PROBATION OFFICE**

**FRANK SCHWARTZ**
**CHIEF PROBATION OFFICER**

**505 SOUTH 2ND STREET**
**SUITE 320**
**FT. PIERCE, FL 34950-1505**

March 5, 2004

Federal Correctional Complex
Attn: C. Tureaud, Case Manager
P.O. Box 1021
Coleman, FL 33521-1021

**RE: LATERZA, Anthony**
**Reg. No. 74695-004**

Dear Mr. Tureaud:

In reference to your letter dated March 1, 2004, please be advised that the presentence investigation can only be changed by order of the court. Additionally, the two point enhancement questioned by Mr. Laterza, was specifically addressed by the court at the time of sentencing, and the court found that the enhancement was properly applied.

Please advise me if I can be of any further assistance in this matter.

Sincerely,

Patrick B. Hogan
U.S. Probation Officer



**U. S. Department of Justice**

Federal Bureau of Prisons

Federal Correctional Complex

*846 NE 54th Terrace*
*P. O. Box 1021*
*Coleman, Florida 33521-1021*
*(352) 689-4205*

March 1, 2004

Frank Schwartz, Chief
U.S. Probation Officer
315 David Dyer Federal Bldg.
300 NE First Avenue #315
Miami, FL 33132-2126

RE:   Anthony Laterza
      Reg. No. 74695-004
      Docket No.: 0214072-CR

Dear Mr. Schwartz:

Inmate Laterza is challenging information in his Presentence Investigation Report.  Specifically, he indicates he was found not guilty for possession of a firearm and he is requesting the 2-point enhancement for criminal history be removed.

Please review your records and respond in writing regarding the disputed information.  Thank you for your assistance in this matter.  If you have any questions, please contact me at (352) 689-4205.

Sincerely,

C. Tureaud
Case Manager

cc: Patrick Hogan, USPO
     505 South 2nd Street #320
     Ft. Pierce, FL 34950-1505

BP-A148.070
SEP 98

**INMATE REQUEST TO STAFF MEMBER**

U.  DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr Bloodsworth | 2-12-04 |
| FROM: | REGISTER NO. : |
| Anthony Laterza | 74695-004 |
| WORK ASSIGNMENT: | UNIT: |
| Rec Yard | B/3 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.  Continue on back, if necessary.
Your failure to be specific may result in no action being taken.  If necessary, you will ve interviewed in order to successfully
respond to your request.)

I Am Requesting my unit team contact the probation department to have my PSI amended. Please
remove the 2 point enhancement for possessing a fire arm that I was found not guilty of
possessing at jury trial. A jury acquitted me of this charge I did not take a plea.
This is a violation of my constitutional rights, BOP Policy P.S. 5100.07 and sentencing
guidelines USSG 6.Al.
The Probation officer is  Frank Schwartz Cheif of Probation

Patrick Hogan USPO

505 south 2nd Street Suite 320
FT Peirce, FL 34950-1505
DOC# 0214072-CR
Phone #772-465-9280 EXT 15

(Do not write below this line)

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|
| | |

Record Copy - File; Copy - Inmate

Replaces BP-148 of OCT 86

**4     Declaration of Christine Greene**

1

2

3 ANTHONY V. LATERZA,    )
            )
4    Plaintiff,    )
            )
5 v.           )  Civil Action No. 1:06-cv-01157-RWR
            )
6 FEDERAL BUREAU OF PRISONS, )
            )
7    Defendant.    )
 ————————————————————)

8

9 **DECLARATION AND CERTIFICATION OF RECORDS OF CHRISTINE GREENE**

10    In accordance with the provisions of Section 1746 of Title 28, United States

11 Code, I, the undersigned, Christine Greene, do hereby make the following unsworn

12 declaration, under penalty of perjury, pertinent to the above-styled cause:

13 1. I am currently employed by the United States Government, Federal Bureau of

14   Prisons, as a Paralegal Specialist at the Federal Correctional Complex in

15   Coleman, Florida (FCC Coleman).

16 2. As part of my duties, I have access to documents and electronic data maintained

17   by the Federal Bureau of Prisons (Bureau).  These records are created at or

18   near the time of the occurrence of the matters set forth by, or from information

19   transmitted by, a person with knowledge of the relevant matters.  My duties

20   include processing requests for information from the Bureau relating to records

21   maintained by the Southeast Regional Office and the correctional institutions

22   served by this office.

23 3. The Federal Bureau of Prisons has exercised its authority to promulgate rules

24   exempting records maintained as part of the Inmate Central Record System from

1    certain provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2). These

2    have been codified at 16 C.F.R. § 16.97. Through 16 C.F.R. § 16.97, the

3    Federal Bureau of Prisons has exempted inmate records, including those

4    maintained in the central file, from the mandate of 5 U.S.C. § 552a(c)(3) & (4), 5

5    U.S.C. § 552a(d), 5 U.S.C. § 552a(e)(2) & (3), 5 U.S.C. § 552a(e)(4)(H), 5

6    U.S.C. § 552a(e)(8)(f), and 5 U.S.C. § 552a(g).

7  4.  Plaintiff, Anthony Laterza, Reg. No. 74645-004, is a federal prisoner serving a

8    sentence imposed by a court in the United States District Court for the Southern

9    District of Florida in United States v. Anthony Laterza, 02-cr-01472 (S. D. Fla.).

10    He is presently scheduled to be released on or about March 12, 2007.

11  5.  Plaintiff claims the Bureau has improperly relied upon information contained in

12    the Presentence Investigation Report (PSI), which indicates the sentencing court

13    applied a two point enhancement when calculating the applicable sentencing

14    guidelines prepared in the case for which he is currently serving a sentence.

15    Plaintiff does not challenge the accuracy of the criminal history and offense

16    conduct information in his PSI. His challenge is based upon his assertion the

17    sentencing court's application of the enhancement was unconstitutional.

18  6.  The PSI, which is the record at issue here, is maintained by the Federal Bureau

19    of Prisons as part of the Inmate Central Record System which is exempt from

20    the provisions of Title 5 U.S.C. § 552a(g).

21  7.  A review of records maintained by the Federal Bureau of Prisons reveals the

22    Bureau is in possession of a PSI prepared by the United States Probation Office

23    (USPO) for the United States District Court, Southern District of Florida, in the

24

2

1    matter of <u>United States v. Anthony Laterza</u>, 02-cr-01472 (S. D. Fla.). This

2    document states it was completed on or about March 25, 2003, and was revised

3    on April 7, 2003, and April 30, 2003.

4  8.    Bureau records reveal staff promptly forwarded Plaintiff's claims of inaccuracies

5    in his PSI to the USPO responsible for preparing the document. No records

6    could be located in Bureau possession indicating the PSI relied upon by the

7    Bureau has been amended in any way, nor that any of the information has been

8    determined to be inaccurate.

9  9.    The Bureau makes available to its inmates a three level administrative remedy

10    process should informal resolution procedures fail to achieve sufficient results.

11    These are codified in large part at 28 C.F.R. § 542.10, *et seq.* The first level of

12    administrative remedy process review is begun by filing a Request for

13    Administrative Remedy at the institution where the inmate is incarcerated.

14    Should the inmate's complaint be denied at the institution level, the inmate may

15    appeal by filing a Regional Administrative Remedy Appeal with the Regional

16    Office for the geographic region in which the inmate's institution of confinement

17    is located. For an inmate at FCC Coleman, this appeal would be filed with the

18    Southeast Regional Office of the BOP in Atlanta, Georgia. If the Regional Office

19    denies relief, the inmate can appeal to the Office of General Counsel via a

20    Central Office Administrative Remedy Appeal. This is the third and final step of

21    the process.

22  10.    These regulations include and explicitly recognize that processing delays may

23    occur for many different reasons and provide for extensions of deadlines through

24                       3

1    28 C.F.R. § 542.14(b).  Significantly, the regulations afford an inmate the

2    opportunity to "demonstrate() a valid reason for delay."  With such a showing,

3    "the time limits may be extended."  28 C.F.R. § 542.15(a).

4  11.    The Plaintiff has filed and exhausted administrative remedies through the

5    appropriate administrative process at the Bureau as to his February 2004

6    request to participate in the Residential Drug Abuse Program at a Camp facility

7    rather than at the Low Security Institution.

8  12.    Plaintiff filed a Request for Administrative Remedy which was receipted by the

9    Warden on July 12, 2005, and which was assigned remedy number 382356-F1.

10    Through this request, Plaintiff challenged his ineligibility for early release upon

11    successful completion of the RDAP arguing "the Supreme Court has ruled in

12    Booker, Fan Fan, and Blakely" that "the 2 point enhancement on my P.S.I." "is

13    unconstitutional."  The Warden denied this claim on August 15, 2005 and the

14    Plaintiff appealed.  His appeal was receipted by the Bureau's Southeast

15    Regional Office on September 6, 2005, and was denied on September 20, 2005.

16    Bureau records show no further appeal was taken from the Region's denial of his

17    submission, nor do records suggest he attempted to appeal from this denial.

18  13.    I hereby declare and affirm the below information is a true and accurate

19    recounting of information from the Presentence Investigation Report issued in

20    United States v. Anthony Laterza, 02-cr-01472 (S. D. Fla.), as it appears and

21    maintained by the Federal Bureau of Prisons

22    PART A.  THE OFFENSE

23    The Offense Conduct

24                                4

5.    Deputy Brochu questioned Laterza as to what he was doing and asked
      him to show his hands for officer safety.  Laterza attempted to shut the
      door.  Deputy Brochu stopped Laterza from shuting the door and ordered
      Laterza out and onto the ground.  On a desk inside the unit in plain view
      Deputy Brochu observed a bong-type marijuana pipe with smoke coming
      out of it.  Next to the pipe was a knife and suspected marijuana.  Brochu
      also saw a 12 gauge shotgun on top of a box on the desk.

. . .

8.    The shot gun observed by Deputy Brochu was a 12 gauge Mossberg,
      serial number L132058, loaded with six rounds of buck shot and two
      slugs, which included a round in the chamber. . . ..

. . .

<u>Offense Level Computation</u>

16.   Specific Offense Characteristics: Because a dangerous weapon (including
      a firearm) was possessed, the offense level is increased by two levels,
      §D1.1(b)(1).

                                                                    <u>+2</u>

. . .

ADDENDUM TO THE PRESENTENCE REPORT

<u>OBJECTIONS</u>

. . .

<u>By the Defendant</u>

The defendant objects to paragraph 16 for failing to recognize that the

defendant was acquitted on the possession of a firearm count, and argues this enhancement should not apply because the firearm was not located in the same room within the storage unit as the marijuana plants, and also because "it is clearly improbable that the firearm was connected to the offense." Defense states there was no testimony connecting the firearm to the manufacturing of the plants or connecting the defendant to the firearm other than where it was located.

Probation Officer's Response

The fact that the defendant was acquitted of the firearm count does not preclude the Court from applying the guideline enhancement for the possession of a dangerous weapon. In fact, had the defendant been convicted of that count, the two level enhancement could not ne applied to this count of conviction pursuant to § 3D1.1 comment, (n. 1). In this case, the shotgun was in plain view in a single storage unit that had been partitioned off to use a portion of the unit for growing marijuana. Pursuant to § 2D1.1 comment. (n. 3), the adjustment for weapon possession should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense. United States v. Hall, 46 F.3d 62 (11th Cir. 1995), and United States v. Hansley, 54 F.3d 709 (11th Cir. 1995), the Court held that the government need only show possession of the firearm at the site of the charged offense. According to AUSA Acosta, testimony was presented at trial that the shotgun was located in the same storage unit as the defendant and the marijuana, although not in the same partitioned off area where the marijuana was growing. Additionally, in United

States v. Hall, the court ruled that once the prosecution has shown by the preponderance of the evidence that the firearm was present at the site of the charged conduct, the evidentiary burden shifts to the defendant who has the burden of showing that the connection between the firearm and offense was clearly improbable. The Court heard the testimony presented at trial and will need to make a determination whether or not the defendant made such a showing. This issue remains unresolved.

14. I certify the copies of the SENTRY Public Information Inmate Data, Remedy No. 382356 Submissions and Responses, Bureau Investigation of Alleged Inaccurate Information, and SENTRY Printout Administrative Remedy Generalized Retrieval being provided to the court are true and accurate copies of the records maintained and/or created by the Federal Bureau of Prisons in the normal course of regularly performed activities.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this 18th day of August, 2006.

_____

Christine Greene, Paralegal Specialist
Federal Correctional Complex
Coleman, Florida

**5.     SENTRY Printout Administrative Remedy Generalized Retrieval**

```
██████████         *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      08-15-2006
PAGE 001 OF                                                            13:15:14
        FUNCTION: L-P SCOPE: REG   EQ 74695-004    OUTPUT FORMAT: SAN_____
-------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM _____  THRU _____   DT STS: FROM _____  THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: _ REMEDY LEVEL: _ _           RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ ____    ____    ____    ____    ____    ____
TRACK:  DEPT: _____ _____ _____ _____ _____ _____
        PERSON: ___    ___    ___    ___    ___    ___
          TYPE: ___    ___    ___    ___    ___    ___
EVNT FACL: EQ ____    ____    ____    ____    ____    ____
RCV FACL.: EQ ____    ____    ____    ____    ____    ____
RCV UN/LC: EQ _____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____    ____    ____    ____    ____    ____
ORG UN/LC: EQ _____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


██████         MORE PAGES TO FOLLOW . . .
```

```
████████          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *    08-15-2006
PAGE 002 OF 002 *              SANITIZED FORMAT              *    13:15:14

  REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT--------------------
               RCV-OFC    RCV-FACL    DATE-RCV        STATUS      STATUS-DATE

  325514-F1    10DM/       REQ XFER TO MILITARY OR SATELLITE CAMP W/DAP
               COL         COL         02-24-2004      CLD         03-11-2004

  325514-R1    10DM/       REQ XFER TO MILITARY OR SATELLITE CAMP W/DAP
               SER         COL         03-29-2004      CLD         04-16-2004

  325514-A1    10DM/       REQ XFER TO MILITARY OR SATELLITE CAMP W/DAP
               BOP         COL         05-10-2004      REJ         05-14-2004

  325514-A2    10DM/15DM   REQ XFER TO MILITARY OR SATELLITE CAMP W/DAP
               BOP         COL         06-08-2004      CLD         07-26-2004

  357269-F1    15AM/       ALLEGES FRP PAY TAKEN ERRONEOUSLY & SEEKS REFUND.
               COL         COL         11-01-2004      CLD         11-30-2004

  357269-R1    15AM/       ALLEGES FRP PAY TAKEN ERRONEOUSLY & SEEKS REFUND.
               SER         COL         12-14-2004      CLD         01-19-2005

  382356-F1    32AM/       RECORD MAINTENANCE-RULING BOOKER, FANFAN & BLAKELY
               COL         COL         07-12-2005      CLD         08-16-2005

  382356-R1    32AM/       RECORD MAINTENANCE-RULING BOOKER, FANFAN & BLAKELY
               SER         COL         09-06-2005      CLD         09-20-2005

  395106-R1    20DM/       APPEALS DHO FINDINGS
               SER         COL         11-14-2005      REJ         11-16-2005

  395106-R2    20DM/       APPEALS DHO FINDINGS
               SER         COL         12-02-2005      CLD         12-21-2005

  395106-A1    20DM/       APPEALS DHO, CODE 224, 10-12-05
               BOP         COM         02-06-2006      REJ         02-15-2006

  395106-A2    20DM/       APPEALS DHO, CODE 224, 10-12-05
               BOP         COM         03-09-2006      CLD         03-30-2006

                   12 REMEDY SUBMISSION(S) SELECTED
████████         TRANSACTION SUCCESSFULLY COMPLETED
```