United States District Court
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ANTHONY V. LATERZA,<br>　　　　Plaintiff | )<br>)<br>) |
| v. | )<br>) Civil Action No. 06-1157(RWR)<br>) Institutional MailBox Rule Oct- 11th, 2006 |
| FEDERAL BUREAU OF PRISONS,<br>　　　　DEFENDANT | ) Houston v. Lack, 101 L.ed 2d 245<br>)<br>) |

### PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS

Comes Now, Anthony V. Laterza, Plaintiff and files this timely response to defendant's motion to dismiss pursuant to L. Civ. R. 7(b) and hereby controverts the issues raised by Defendant based on the following facts and memorandum of law.

### DEFENDANTS MOTION IS BARRED PURSUANT TO THE DOCTRINE OF RES JUDICATA

The defendants motion is attempting to re-litigate the plaintiffs jury trial acquittal for possession of a firearm. Defendant is barred by the doctrine of res judicata from re-litigating this issue. HUGHS v. LOTT, 350 F.3d 1157, 1161 (11th Cir. 2003). On February 24, 2003 Plaintiff was acquitted of possession of the alleged firearm (a shotgun) in this case. The alleged facts contained in defendant's "motion to dismiss" and in the PSI in controversy were submitted to and unanimously rejected 12 to 0 by a jury of his peers. Clearly plaintiff has demonstrated that Defendants knowingly maintaining and using possession of this same firearm adversely against him is a violation of both the Privacy Act and Constitutional Rights. The constant

insistence of the defendants in their motion that, Plaintiff still possessed that same firearm and must still be punished for it, validates and affirms the very essence of the complaint and claim against them. Therefore, the defendants motion admits the claim against them is true, also there is a genuine issue for trial and this court has subject matter jurisdiction pursuant to 5 U.S.C. § 552 a(e)(5), (g)(1)(c), (g)(4) and 28 U.S.C. § 1331. Plaintiff therefore has stated a claim.

### PLAINTIFF EXHAUSTED ADMINISTRATIVE REMEDIES AND IS NOT TIME BARRED

Plaintiff exhausted two seperate administrative remedies in this case NO. 325514-R1 and NO. 382356-R1 fully informing the BOP the information they were maintaining and relying on was not accurate and violated plaintiff's rights.

Remedy No. 325514-R1 was exhausted to the central office on July 26, 2004. The two year statute of limitations starts on this date: July 26, 2004, the day of exhaustion and not the day of the incident January 30, 2004. Therefore, plaintiff timely filed this suit on June 26, 2004 and is not time barred as defendant's motion falsely claims.

Remedy No. 382356-R1 was exhausted to the Regional Office on September 20, 2005. Defendants admit they returned Plaintiff's BP-10 (41) forty-one days after it was denied by the Southeast Region and eleven (11) days after it was due in the DC Central Office.

Defendants admit they foreclosed this administrative remedy process at the regional level. Plaintiff exhausted the "administrative remedies available to him, further remedies were blocked and exhausted by defendants." Johnson v. Meadows, 418 F.3d 1152,

1155 (11th Cir. 2005).   This is the BOP's failure to comply with the P.L.R.A. exhaustion remedy process.  <u>Ali v. District of Columbia</u>, 349 US App DC 327, 278 F.3d 1 (DC 2002).  Defendant has admitted they are accountable for their failure to comply with the PLRA exhaustion process.  Plaintiff as an inmate is at the mercy of the Defendants and can not force them to comply with the PLRA or give him a central office form.  Therefore, plaintiff has exhausted his administrative remedies.  Strikingly, defendants admit on page 4 N.2 of their motion "that the records of the actual submissions by plaintiff were not located or retrieved prior to their filing." Then how can defendant make any representation to this court about plaintiffs submissions pursuant to the PLRA?

### PLAINTIFF IS NOT SEEKING HABEAS TYPE RELIEF

Pursuant to Civ. Rule 65 this court may grant the relief requested in this suit. <u>McDonald's Corp. v. Robertson</u>, 147 F.3d 1301 (11th Cir. 1998) see injunction <u>Hobson v. Wilson</u>, 737 F.1 (DC Cir. 1984) further defendants may agree to a settlement granting this relief.

### DEFENDANT IS NOT IMMUNE FROM MONETARY DAMAGES

Plaintiff did not exempt the records at issue from the privacy acts amendment, accuracy and damages provision, or 28 U.S.C. § 1331.  Privacy acts does apply to PSI reports.  <u>Sellers v. BOP</u>, 959 F.2d 307 (DC Cir 1992).  THe issues contained in Plaintiffs claim is that two (2) seperate cases he was acquitted of were being used adversely against him.  The BOP clearly ignored Dept. of Justice operations memorandum # 068-93 (5820) dated March 15, 1993 which states the BOP should note and not use

this type of information adversely. Also see <u>Sellers</u>. Plaintiff does challenge the BOP's authority to exempt its records. The privacy act is an Act of COngress and neither the DOJ or BOP have the authority to change the privacy act. Defendant's misapply <u>Martinez v. BOP</u>, 444 F.3d 620, 624(DC 2006) because <u>Martinez</u> does not permit inaccurate records to be maintained and then used adversely against an individual. Defendant has admitted to a willful and intentional violation of both the Privacy Act and Plaintiffs Constitutional Rights. Defendant has further admitted to adversely causing irreparable harm by increasing the time plaintiff is incarcerated as well as denying him camp placement, furloughs, better employment, living conditions and ability to earn money.

## SUMMARY

Plaintiff has exhausted his administrative remedies, he is not time barred, he has genuine issues for trial and this court has subject matter jurisdiction. Plaintiff is likely to prevail under 5 U.S.C. 552 a(e)(5), g(1)(c), g(4) as well as under 28 U.S.C. § 1331. Defendants legal position that they are aware and were able to verify that Plaintiff was acquitted in both instances contained in his complaint and maintained in their records, but failed to note and still used that information adversely against him is liable under <u>Sellers</u> and 1331.

## STANDARD FOR REVIEW

Factual allegations of the complaint must be taken as true

and all ambiguities or doubts in the factual allegations must be resolved in favor of the pleader. <u>Caudle v. Thomason</u>, 942 F. Supp 635, 638 (D.D.C. 1996) also a court must view facts alleged in the complaint in the light most favorable to Plaintiff. <u>Nix v. Hoke</u>, 139 F.Supp 2d, 125, 131 (DDC 2001). Pro Se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will therefore be liberally construed. <u>Tannenbaum v. US</u>, 148 F.3d 1262, 1263 (11th. Cir. 1998).

## CONCLUSION

PLAINTIFF respectfully avers the Defendants "motion to dismiss" must be denied.

Respectfully Submitted,

_____
Anthony V. Laterza

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served by First Class Mail on this date Oct. 11th, 2006 to US Attorney 555 Fourth St. N.W. Washington DC 20001.

_____
Anthony V. Laterza