UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY V. LATERZA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 06cv1157 (RWR) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO DISMISS**

In his "Response to Defendant's Motion to Dismiss," Plaintiff relies upon the faulty premise that the use of acquitted conduct in determining his sentence for a crime for which he was convicted is unconstitutional, and then proceeds to argue that the Federal government has waived its sovereign immunity for his civil and Privacy Act suit to remove all use of that acquitted conduct from his Pre-Sentence Report. In fact, it is well-settled that the use of acquitted conduct in sentencing does not violate the Constitution. See Watts v. United States, 519 U.S. 148, 155 (1997) (use of acquitted conduct does not violate double jeopardy); United States v. Dorcely, 454 F.3d 356, 372 (D.C. Cir. 2006) (use of acquitted conduct does not violate the Fifth or Sixth Amendment of the Constitution) (citing Watts); United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, --- U.S. ----, 126 S.Ct. 432 (2005) (same). Moreover, Plaintiff's sole recourse for challenging the use of the acquitted conduct under the Constitution lies with the sentencing court or with a court of competent jurisdiction over a *habeas* petition, and Plaintiff may not bring a Privacy Act claim against the Federal Bureau of Prisons for records exempt from the Act.

### Plaintiff's Challenge to the Use of Acquitted Conduct in Sentencing and Pre-Release Eligibility Affects the "Duration" of His Confinement

Defendant has argued, without any contrary proof or valid legal argument from Plaintiff, that a prisoner's statutory or constitutional challenge, which would ultimately entitle him to immediate or speedier release from confinement, must be by way of a petition for writ of *habeas corpus*, see Preiser v. Rodriguez, 411 U. S. 475, 489 (1973); Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 374-75 (D.C. Cir. 2000), and that jurisdiction over "habeas petitions challenging present physical confinement . . . lies in only one district: the district of confinement." Rumsfield v. Padilla, __ U.S. __, 124 S.Ct. 2711, 2722 (2004). See also 28 U.S.C. § 2241(a) (District courts are limited to granting habeas relief "within their respective jurisdictions").

In response to the Defendant's argument, Plaintiff cites to two cases that have nothing to do with any matter at issue here. McDonald's Corp. v. Robertson, 147 F.3d 1301 (11th Cir. 1998), involves a trademark infringement action between two private parties, and does not even involve *habeas* petitions. Likewise, Hobson v. Wilson, 737 F.3d 1 ((D.C. Cir. 1984), was a civil rights action against law enforcement officers acting outside the scope of their authority, and does not involve any action against the United States or any of its agencies, nor does it address any *habeas* concerns.

Because Plaintiff, here, is challenging the duration of his imprisonment and the relief he seeks is a determination that he is entitled to a speedier release from such imprisonment, Congress has already provided a special and exclusive remedy by way of a petition for writ of *habeas corpus*, in which exclusive jurisdiction lies in the place of

2

his confinement.[1]  This Court, therefore, has no jurisdiction over Plaintiff's constitutional claims, and the complaint should be dismissed.[2]

### Inmate Central Record System Has Been Exempted from the Privacy Act

The record at issue here is the Pre-Sentence Investigation Report which is maintained by the Federal Bureau of Prisons in the Inmate Central Record System. That system is specifically exempt from the Privacy Act's amendment, accuracy, and damages provisions.  28 C.F.R. §§ 16.46 & 16.97; Martinez v. BOP, 444 F3d 620, 624 (DC Cir. 2006).

In response to Defendant's argument, Plaintiff cites outdated case law that has since been rendered inapplicable by the exemption of the records from the relevant portions of the Privacy Act.  Specifically, in Sellers v. Federal Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992), an inmate in a Federal facility brought a civil action against the Federal Bureau of Prisons seeking amendment of the Pre-Sentence Investigation

---

[1] This matter is unaffected by the Supreme Court decision in Wilkinson v. Dotson, __ U.S. __, 125 S.Ct. 1241 (2005).  In Wilkinson, The Supreme Court allowed the respondent-prisoners to raise constitutional challenges, under 42 U.S.C. §1983, to the state's parole determinations based on guidelines issued after the respondents began to serve their term, so long as the respondents' claims, if established, would not necessarily invalidate the legality of respondents' confinement or change the duration of their confinement. Id. at 1248.  Given such, the respondents were not limited to seeking relief exclusively pursuant to a habeas petition, and could proceed under § 1983.  Because Plaintiff's challenge, here, would affect the duration of his incarceration, Wilkinson does not apply, and Plaintiff must proceed by way of a *habeas* petition.

[2] Likewise, because Plaintiff's sole remedy can be found within the statutes governing *habeas* petitions, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Rumsfield v. Padilla, __ U.S. at __, 124 S.Ct. at 2718.  Thus, the only court with personal jurisdiction over the warden is the District Court within which the Plaintiff is incarcerated.  Id. at __, 124 S.Ct. at 2722.

3

Reports in his inmate records and money damages under the Privacy Act.  The Circuit Court affirmed the dismissal of the inmate's right to access claim (5 U.S.C. §552a(d)(1)) and right to amendment claim (5 U.S.C. §552a(d)(2)) because the Pre-Sentence Investigation Reports were specifically exempted from those provisions of the Act by Bureau of Prisons regulations. 959 F.2d at 309.  The Court let stand, however, the inmate's claim for money damages for failure to accurately maintain records (5 U.S.C. §552a(e)(5)), because the Bureau's regulations did not specifically exempt the records from that provision of the Act.  Id.  Since Sellers, the Bureau of Prisons has closed that loophole, and has specifically exempted the very records alleged by Plaintiff here from that provision as well.  See 28 C.F.R. § 16.97 (effective August 9, 2002).  See also Martinez v. BOP, 444 F.3d 620, 624 (D.C. Cir. 2006) (dismissing a similar claim because the records were made exempt from the Privacy Act after Sellers).

Thus, because the very record at issue is exempt from the Privacy Act claims raised by Plaintiff here, Plaintiff's claim under the Privacy Act should be dismissed.

### Plaintiff's Claim for Injunctive Relief Under the Privacy Act Fails

Plaintiff's assertion the agency seeks to re-litigate his criminal trial is without merit.  On the contrary, the Defendant asserts it is the Plaintiff who is attempting to attack the sentencing decision of the court.  Such challenges are consistently rejected by the courts.  See e.g., McCready v. Nicholson, — F.3d —, 2006 WL 2669375 *15 (D.C. Cir. Sept. 19, 2006) (finding only challenges to statements of fact cognizable). Indeed, the factual statements in the Pre-Sentence Investigation Report which reveal that law enforcement observed a shot gun, a bong, suspected marijuana in baggies, among other items, within the same storage unit as the more than 100 marijuana plants

which were also recovered are not being challenged as inaccurate.  Nor is the fact that the sentencing court applied a two point enhancement being challenged.[3]  Finally, Plaintiff has not demonstrated that any subsequent appeal or court action has negated the application of the sentencing enhancement.

Thus, because the information contained in his Pre-Sentence Investigation Report was and is, in fact, accurate, his allegations fail to state a claim for injunctive relief under the Privacy Act and should be dismissed.  Cf. Whitley v. Hunt, 158 F.3d 882, 889-90 (5th Cir.1998) (affirming as frivolous a Privacy Act claim because "[t]he appellant] is essentially claiming that his sentence itself was incorrectly entered. That is an issue that should have been resolved on direct appeal from his criminal conviction."), *abrogated on other grounds by* Booth v. Turner, 532 U.S. 731 (2001).

## Plaintiff Cannot State a Claim for Monetary Damages Based Upon An Adverse Determination Stemming From Inaccurate Records

Even if the Pre-Sentence Investigation Report was subject to the monetary damages provision of the Privacy Act, no claim for monetary damages can be

---

[3]     Nor can Plaintiff challenge the enhancement since the Court of Appeals for the District of Columbia has held that a sentencing court's consideration of facts pertinent to acquitted conduct when making their sentencing decisions does not violate the Constitution. United States v. Dorcely, 454 F.3d 356, 372 (D.C. Cir. 2006).  In finding such consideration proper so long as the conduct was proven by a preponderance of the evidence, the Circuit Court determined that the decision in United States v. Booker, 543 U.S. 220 (2005), did not obviate the Court's decisions in Williams v. New York, 337 U.S. 241, 247 (1949) and United States v. Watts, 519 U.S. 148 (1997) and their progeny addressing the considerations by the sentencing court.  Id. Not only does this decision render any constitutional claim on this basis moot, it negates the Plaintiff's suggestion that the Bureau's refusal to redact or ignore the sentence enhancement or offense conduct from the PSI is a *per se* willful and intentional violation of the Privacy Act merely because that conduct formed the bases for an offense of which he was convicted.

maintained here, as Plaintiff cannot demonstrate that a defective or incorrect record proximately caused an adverse determination. The fact of the matter is, Plaintiff's sentence was enhanced under the United States Sentencing Guidelines (U.S.S.G.) § 2D.1.1(b)(1). To state a claim for money damages under the Privacy Act,

> [A] plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and consequently, that an "adverse" "determination [wa]s made" respecting the plaintiff. U.S.C. § 552a(g)(1)(C). That is, the plaintiff must allege: inaccurate records, agency intent, proximate causation, and an "adverse determination."

Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 583 (D.C. Cir. 2002).

Here, the Plaintiff objected to the application of the enhancement and litigated the matter before the sentencing court. To the extent the Federal Bureau of Prisons considers such an enhancement when making determinations, Plaintiff fails to articulate any basis for this court to find an "intentional or willful" violation where the agency relied upon findings of the sentencing court which have not been disturbed on appeal nor through collateral attack.

Plaintiff alleges the enhancement was relied upon by the Bureau of Prisons when his classification and designation, as well as in denying his early release consideration under 18 U.S.C. § 3621. The Supreme Court has recognized the propriety of the Bureau of Prisons' consideration of offense conduct when making determinations, even those under 18 U.S.C. § 3621. Lopez v. Davis, 531 U.S. 320, 241 (2001). As Plaintiff has not alleged the inaccuracy of the offense conduct as adopted by the court through the PSI and cannot establish the sentencing court's application of an enhancement has been overturned, the Plaintiff fails to state a claim for money damages and any such claim should be dismissed.

**Exhaustion Is Required**

Exhaustion of administrative remedies is required to bring a cause of action for injunctive relief under the Privacy Act.  5 U.S.C. § 552a(d)(2)-(3); Hill v. U. S. Air Force, 795 F.2d 1067, 1069 (1986).  If, as Plaintiff claims, he assumed he was time-barred from pursuing administrative remedies without even attempting to exhaust, this would not be an appropriate basis for finding his procedural default for failing to pursue administrative remedies sufficient to meet the PLRA's exhaustion requirement.  Artis-Bey v. District of Columbia, 884 F.2d 626, 638 (D.C. Cir. 2005) (finding PLRA exhaustion requirement satisfied by substantial compliance).  While it is true the Privacy Act does not compel exhaustion of administrative remedies for damages claims brought under 5 U.S.C. § 552a(g)(1)(C), because the Plaintiff is a federal prisoner and the alleged injuries appear to be matters relating to his conditions of confinement (classification, designation, etc.), the PLRA exhaustion mandate applies to this civil action.  See Henderson v. Fed. Bureau of Prisons, No. 05-1891, 2006 WL 1371687 (D.D.C. May 15, 2006); Reid v. Fed. Bureau of Prisons, No. 04-1845, 2005 WL 1699425 (D.D.C. July 20, 2005).  Plaintiff acknowledges that he never sought final agency review of his claims through Remedy No. 382356-R1.  Under Woodford v. Ngo, 126 S.Ct. 2378, 2382 & 2386 (2006), this requirement is mandatory.  Title 28 C.F.R. § 542.18 provides for circumstances where the inmate may not receive a timely response:  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Though the Bureau timely responded to the remedy on September 20, 2005, Plaintiff's claim that he received it 41 days later does not excuse his failure to

appeal to the final level of agency review.  Consequently, Plaintiff has not pursued his complaints through all levels of the Bureau's administrative remedy procedure.  To the extent his lawsuit challenges the agency's decision not to amend or correct his PSI after investigation of his claim of inaccuracies and receiving correspondence from the USPO confirming the accuracy of the document, the suit must be dismissed.

The only issue which he exhausted, the denial of his February 2004, request to complete the residential drug program in a Camp rather than a Low Security Institution, is time-barred and must be dismissed.  Plaintiff offers no basis for finding this claim accrued less than two years prior to filing of this suit.  Tijerina v. Walters, 821 F.2d 789, 798 (D.C. Cir. 1987).

### Plaintiff's Challenge to the Authority of the Bureau of Prisons to Exempt the Records Must Be Rejected

Plaintiff, through his Response, asserts for the first time that he is challenging the Bureau of Prisons' authority to exempt the Inmate Central Record System from the damages provision of the Privacy Act.  Plaintiff's Opposition at 4.  This would appear to be a new claim for which authorization to amend the complaint in order to provide for additional briefing may be appropriate.  In any event, the Privacy Act specifically provides that an agency may "promulgate rules . . . to exempt any system of records within the agency from any part of this section [with exceptions not relevant here] . . . if the system of records is maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional . . . authorities."  5 U.S.C. §552a(j).  Thus, the Bureau of Prisons has specific authority within the Privacy Act itself, to exempt the records at

issue here, and Plaintiff's challenge has no basis in law.

## Conclusion

For the reasons set forth above and in the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss, the Plaintiff failed to demonstrate that this Court has jurisdiction over any of his claims that would affect the duration of his confinement, and further failed to demonstrate that he may maintain an action against the Federal Bureau of Prisons for records specifically exempted from the Privacy Act. Additionally, because Plaintiff does not really make any real challenge to the "accuracy" of the facts contained within the Pre-Sentence Investigation Report, he fails to articulate facts which could support a finding the intent necessary to support a Privacy Act claim for monetary damages. Accordingly, dismissal of the Complaint is proper.

Date: October 26, 2006              Respectfully submitted,


  /s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


  /s/ Rudolph Contreras
RUDOLPH  CONTRERAS, D.C. BAR # 434122

Assistant United States Attorney


  /s/ Darrell C. Valdez
DARRELL C. VALDEZ, D.C. BAR # 420232
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W., Civil Division
Washington, D.C.  20530
(202) 307-2843

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2006, a copy of the foregoing Reply Memorandum was mailed, postage prepaid, to Plaintiff, Anthony Laterza, Reg. No. 74695-004, P.O. Box 1032, Coleman, FL 22521-1032.

    /s/ Darrell C. Valdez
DARRELL C. VALDEZ
Assistant United States Attorney