UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
ANTHONY V. LATERZA,                             )
                                                )
                    Plaintiff,                  )
                                                )
             v.                                 )        Civil Action No. 06-1157 (RWR)
                                                )
FEDERAL BUREAU OF PRISONS,                      )
                                                )
                                                )
                    Defendant.                  )
_____)

MEMORANDUM OPINION

Plaintiff, a former federal prisoner appearing *pro se*, sues the United States Bureau of

Prisons ("BOP") for allegedly relying on inaccurate information contained in his presentence

investigation report ("PSR") to disqualify him from receiving a one-year sentence reduction

pursuant to the drug treatment incentive provisions of 18 U.S.C. § 3621(e)(2)(B).  Plaintiff

seeks monetary damages of $5 million and injunctive relief in the form of his release from

prison and supervision.[1]  Compl. at 8.

Defendant moves pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss the

complaint.  No basis appears in the parties' submissions for dismissing the case under Rule

12(b)(1) for lack of subject matter jurisdiction.  However, plaintiff has not shown a willful

violation of the Privacy Act's accuracy requirements, and treating defendant's Rule 12(b)(6)

motion as one for summary judgment, the court will grant summary judgment to the

defendant.

_____

[1] Since initiating this action, plaintiff has been released from custody and currently
resides in Palm Beach Gardens, Florida.  His claim for injunctive relief based on his custody
therefore is moot except to the extent that he seeks termination of his sentence, which is
redressable only by motion to the sentencing court (the Southern District of Florida) under 28
U.S.C. § 2255.

BACKGROUND

Following a jury trial, plaintiff was convicted in the Southern District of Florida of manufacturing more than 100 marijuana plants and sentenced on April 30, 2003 to 60 months' imprisonment and five years' supervised release. Def.'s Ex. 1.[2] Plaintiff was acquitted of another charge -- possession of a firearm in furtherance of drug trafficking, Compl. at 2 -- but his PSR contains a two-point offense enhancement based on the underlying facts of that charge. Def.'s Ex. 4 (Declaration of Christine Greene ["Greene Decl."] ¶ 16). Plaintiff "objected at sentencing to the unconstitutional gun enhancement but was denied by the District Court." Compl. at 2. In reaffirming plaintiff's sentence on remand from the Supreme Court, the United States Court of Appeals for the Eleventh Circuit rejected his claim of an unconstitutional sentence enhancement. Def.'s Ex. 6 (*United States of America v. Laterza*, No. 03-12499 (11th Cir., June 7, 2006) (*per curiam*)).

In August 2004, BOP determined that plaintiff was not eligible to receive a one-year reduction under § 3621 because of the firearm enhancement. Compl. at 2-3; *see* Def.'s Ex. 2 (administrative remedy proceedings). Plaintiff filed two separate grievances regarding his treatment under the drug incentive program. He exhausted his administrative remedies as to one (No. 325514-R1) on July 26, 2004. Compl. at 7. As to the other (No. 382356-R1), plaintiff "exhausted to the [BOP] Regional Office" on September 20, 2005. Pl.'s Opp. [Dkt. No. 12] at 2-3. Plaintiff initiated this lawsuit on June 26, 2006.

DISCUSSION

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court must assume the truth of well-pleaded allegations." *Warren v. Dist. of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004).

---

[2] Unless otherwise noted, "Def.'s Ex." refers to defendant's exhibits attached to its motion to dismiss [Dkt. No. 10].

Additionally, a plaintiff should be granted the "benefit of all inferences that can be derived from the facts alleged." *Thomas v.. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (internal quotation omitted). The complaint of a plaintiff proceeding *pro se* should be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Razzoli v. Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000). However, if "matters outside the pleading are presented to and not excluded by the court, [a Rule 12(b)(6)] motion shall be treated as one for summary judgment." Fed. R. Civ. P. 12(b). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Because the constitutional violations that plaintiff alleges are premised on BOP's maintenance of inaccurate records, Compl. at 5-6, the Privacy Act is his exclusive remedy. *Chung v. United States Dep't of* Justice, 333 F.3d 273, 274 (D.C. Cir. 2003); *Mittleman v. United States Treasury*, 773 F. Supp. 442, 453 (D.D.C. 1991). Defendant contends that the complaint should be dismissed because it is barred by the statute of limitations and plaintiff has failed to exhaust his administrative remedies. Plaintiff's opposition to these defenses raises genuine issues of material fact that cannot be resolved on the current record. Because these bases for dismissal do not call into question the Court's subject matter jurisdiction, however, the merits of the Privacy Act claim will be addressed.[3]

---

[3] *See Chung*, 333 F.3d at 278 (overruling *Griffin v. United States Parole Commission*, 192 F.3d 1081 (D.C. Cir. 1999)) (the Privacy Act's two-year statute of limitations is no longer a jurisdictional bar but rather is subject to equitable tolling); *Hubbard v. United States Environmental Protection Agency*, 809 F.2d 1, 4 (D.C. Cir. 1986) (exhaustion of administrative remedies is not a prerequisite to filing a damages claim under the Privacy Act). To the extent that defendant is relying on the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), it, too, is non-jurisdictional. *Jones v. Bock*, 549 U.S. ___, 127 S.Ct. 910, 921 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").

(continued...)

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]. . . ." 5 U.S.C. § 552a(e)(5).  Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete."  *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991).  Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment and accuracy requirements.[4]  In addition, subsection (g)(4) provides for monetary damages, costs and attorneys' fees where the agency is shown to have acted intentionally or willfully.  *See Doe*, 936 F.2d at 1350; accord *Deters v. United States Parole Commission*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992).  An agency may be liable for "actual damages sustained by the individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual. . . ."  5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A).

To prevail on a damages claim, plaintiff must establish that (1) the agency's record is inaccurate, (2) the inaccurate record resulted in an adverse determination, and (3) the agency's acts or omissions were willful or intentional.  *Deters*, 85 F.3d at 657; *Sellers*, 959 F.2d at 312; accord *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (claim

---

[3](...continued)
Thus, if defendant were to prove plaintiff's failure to exhaust under the PLRA, the complaint would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  *Id*.

[4]  Plaintiff does not seek the amendment of his PSR.  *See* Compl. at 8 (Relief Requested).  Nonetheless, defendant rightly asserts that such relief is not available because the BOP has properly exempted its Inmate Central Record System, where presentence reports are maintained, from the Privacy Act's amendment requirements.  *See* 28 C.F.R. § 16.97(a); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (*per curiam*); *Deters v. United States Parole Commission*, 85 F.3d 655, 658, n.2 (D.C. Cir. 1996).

consists of allegations of "inaccurate records, agency intent, proximate causation, and an adverse determination").  "An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act. . . . [T]he violation must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful."  *Deters*, 85 F.3d at 660 (citations and internal quotation marks omitted).

Plaintiff's claim for monetary damages fails on the intent requirement.  It is undisputed that in response to plaintiff's written request dated February 12, 2004, concerning the alleged inaccuracy contained in the PSR, BOP staff promptly made an inquiry to the Chief of the United States Probation Office that had prepared the PSR.  Def.'s Ex. 3 (Letter of March 1, 2004). Within days of the inquiry, the Chief advised BOP that the PSR could "only be changed by order of the court" and that "the two point enhancement . . . was specifically addressed by the court at the time of sentencing, and the court found that the enhancement was properly applied."  *Id*. (Letter of March 5, 2004).  In discussing BOP's obligations under the Privacy Act, the District of Columbia Circuit has approved this method of verifying the accuracy of records, finding it "reasonable."  *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006).

Since defendant's exhibits are outside the pleadings and have been considered, defendant's motion under Rule 12(b)(6) is treated as one for summary judgment.  There is no genuine issue as to the efforts BOP took to verify the accuracy of plaintiff's PSR, and those efforts were reasonable as a matter of law.  Plaintiff therefore cannot sustain a claim for damages under the Privacy Act, and defendant is entitled to summary judgment.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss, treated as a motion for

summary judgment, will be granted.  A separate Order accompanies this Memorandum Opinion.


_____/s/_____
RICHARD W. ROBERTS
DATE: April 24, 2007                    United States District Judge